IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED

WILLIAM S. MCLAURINE, II )
   plaintiff, pro se )
)
v. )
)
the CITY OF AUBURN, ALABAMA )
unnamed police DISPATCHER )
deputy director BENJAMIN WALKER )
Officer LAVARRO BEAN )
Lieutenant MATTHEWS )
Lieutenant KEITH HOWELL )
Chief FRANK DEGRAFFENRIED )
DAVID WATKINS )
director "BILL" JAMES )
City Manager CHARLES DUGGAN ) CIVIL ACTION NO. 3:06-CV-1014-MEF
attorney "RICK" DAVIDSON )
Judge "JOE" S. BAILEY )
Risk Manager DARCY WERNETTE )
attorney MATTHEW WHITE )
attorney PHILLIP THOMPSON ) **DEMAND FOR JURY TRIAL**
Judge JOHN V. DENSON, II )
the STATE OF ALABAMA )
the ALABAMA POLICE OFFICER AND )
   TRAINING COMMISION )
clerk LANE W. MANN )

### COMPLAINT

1.    Plaintiff's address and Phone number: WILLIAM S. MCLAURINE, II.
222 Tichenor Avenue #4, Auburn, Alabama 36830. Cell Phone: (334) 524-2175.

2.    Name and Address of Defendants: The exact home address of individuals is not know. The work address of each is given.
    Multiple Defendants are employed by the Auburn Department of Public Safety, who are: unnamed police DISPATCHER, deputy director BENJAMIN WALKER, Officer LAVARRO BEAN, Lieutenant MATTHEWS, Lieutenant KEITH HOWELL, Chief FRANK DEGRAFFENRIED, and director "BILL" JAMES. The address for these defendants is 141 Ross Street, Auburn, AL.
    The city of AUBURN, ALABAMA is assumed to reside at office the City Manager CHARLES DUGGAN, who is also the city clerk. The Address for these defendants is assumed to be 144 Tichenor Avenue, Suite 1, Auburn, Alabama, 36830.
    Judge "JOE" S. BAILEY is assummed to be the Judicial Department of the City of Auburn, which is listed as 141 N. Ross Street, Auburn, Alabama, 36830.
    DARCY WERNETTE is the Risk Manager for the city of Auburn. It is assumed that he is an employee of the City Manager and that his work address is 144 Tichenor Avenue, Auburn Alabama, 36830.


SCANNED
11/13/06

  Attorney "RICK" DAVIDSON, and attorney MATTHEW WHITE, appear to be contract employees for the City of Auburn, employed through the law firm of Adams, Umbach, Davidson, and White. The address for this firm is Walker Building, 205 South Ninth Street, Opelika, Alabama, 36803.

  Judge JOHN V. DENSON, II is a Circuit Court Judge in Lee County, Alabama. The office of the Judge is listed as Office of Judge Denson, 2311 Gateway Drive, Opelika, Alabama, 36801.

  DAVID WATKINS, is the former City Manager for the City of Auburn, Alabama. His current address is not know to the plaintiff, but the last know address was 144 Tichenor Avenue, Suite 1, Auburn, Alabama, 36830.

  Attorney PHILLIP THOMPSON is a contract employee of the City of Auburn, Alabama and is employed through the law firm of Haygood, Cleveland, Pierce, Mattson and Thompson. The address for this firm is 611 East Glenn Avenue, Auburn, Alabama, 36830.

  Clerk LANE W. MANN is the clerk for the Alabama Court of Criminal Appeals. The address for this court is 300 Dexter Avenue, Montgomery, Alabama, 36104.

  the ALABAMA POLICE OFFICER AND TRAINING COMMISION is located at RSA Union Building, 100 North Union Street, Suite 600, Montgomery, Alabama.

  The address for the STATE OF ALABAMA is assumed be the capitol building, but notice of legal service should be served on the attorney general of the State of Alabama and the Governor's office as well. The address for Troy King, Attorney General of Alabama, is Office of the Attorney General of Alabama, Alabama State House, 11 South Union Street, Third Floor, Montgomery, Alabama, 36130. The Address for the "Bob" Riley, Governor of Alabama is, State Capitol, 600 Dexter Avenue, Montgomery, Alabama 36130.

3.  Place of alleged violations of civil rights: The following is a general list of the places violations occurred. Toomer Street, Auburn, Alabama; Municipal Court, Auburn Alabama; Offices of Adams, Umbach, Davdison, and White; Offices of Haygood, Cleveland, Pierce, Mattson, and Thompson; City Hall, Auburn, Alabama; Lee County Justice Center, Opelika, Alabama; Alabama Court of Criminal Appeals, Montgomery, Alabama; and various other places not specifically know at this time.

4.  Date of Alleged violations of civil rights: This complaint covers actions beginning on or about November 26, 2004 and continuing through the current date. Specific know actions are referenced around court appearances. Since most the dates involved in civil rights violations are court appearances, or matters of record in possetion of the some of the defendants, the Plaintiff has is referencing actions by even names. The Plaintiff fully intends to provide exact dates by the end of the discovery period, but will require discovery material from the defendants in order to be as specific as possible in this matter. The Plaintiff is proceeding pro se and requesting IN FORMA PAUPERIS procedings. The Plaintiff begs the court to be allowed to proceed at this junction with the reference system proposed, as a more complete documentation at this time is beyond the resources of the defendant. The general frames of reference will begin with morning of the arrest, on or about November 26, 2004. After this the frame of reference is the Municipal Court Pre-Trial Appearance, The Municipal Trial, The First Appearance in Circuit Court, The Arraignment in Circuit Court, the PreTrial Appearance in Circuit Court, the Status Conference, The Second PreTrial Appearance, The Third Pretrial Appearance in Court, The Hearing, The Fourth Pretrial Appearance in Court, the Trial, and the Sentencing, and after Sentencing.

5. State the facts on which you base your allegation that your constitutional rights have been violated: The Plaintiff has history of being stopped, questioned and detained by the Auburn City Police without proper authority. On or about the night of the arrest, the unnamed police DISPATCHER, sent Officer LAVARRO BEAN to investigate a 911 call, giving Officer LAVARRO BEAN false information and failing to disclose pertinent information prior to dispatch. The Plaintiff maintains, Officer Bean initiated contact with the Plaintiff, without reasonable suspicion or probable cause. During the stop the defendant was unlawfully detained for failing to provide, a name, identification, and and explanation of what the defendant was doing on the sidewalk.

Officer LAVARRO BEAN further went on to make racially charged statements, designed to intimidate the Plaintiff, in front of his Supervisor, Lieutenant MATTHEWS. The defendant was unlawfully arrested for "Obstruction Government Operation".

After the arrest and before the Arraignment in Circuit Court, multiple Municipal officials either refused to meet with the Plaintiff or allow the Plaintiff access to Municipal officials, specifically the chief of police and the Mayor of Auburn. Attorney "RICK" DAVIDSON wrote a letter requesting this inaction, in which Risk Manager DARCY WERNETTE participated.

During the Municipal Trial proceedings, Attorney "RICK" DAVIDSON illegally participated and interfered with due process. Judge "JOE" S. BAILEY presided and/or participated in some or all of these actions.

At the first appearance in Circuit Court, Attorney "RICK" DAVIDSON, attorney MATTHEW WHITE, and Judge JOHN V. DENSON, II appointed attorney PHILLIP THOMPSON as counsel for the defense, even thought there was a conflict of interest.

Over the course of the Circuit Court Trial, following individuals: Judge JOHN V. DENSON, II with attorney MATTHEW WHITE, and/or attorney PHILLIP THOMPSON; conspired to attempt to require the Plaintiff sign a civil release in exchange for dropping charges, conspired to delay the trial for frivolous and/or unwarranted reasons, conspired to deprive the Plaintiff of proper access to counsel, conspired to deprive the Plaintiff access to evidence in the Circuit Court Trial, conspired to hold criminal proceedings out the presence of the Plaintiff, conspired to deny due process by establishing probable cause without facts to support such action, conspired to issue fraudulent rulings contrary to due process and civil rights, and conspired to deprive the defendant of the right to heard in court on multiple occasions.

Attorney PHILLIP THOMPSON further intimidated the Plaintiff, including but not limited to, informing the Plaintiff that the last person who tried to sue the city was going to be tried as a "terrorist." Attorney PHILLIP THOMPSON refused to meet with the Plaintiff on multiple occasion to discuss the details and strategy of the case before appearing in court on behalf of the Plaintiff twice.

Judge JOHN V. DENSON, II improperly revoked the indigent status of the Plaintiff. At the Sentencing Hearing Judge JOHN V. DENSON, II indicated that the harshness of my sentence was due to 2 factors. He thought I was interested in trying to proceed with a civil lawsuit, and that I could have dealt with this by agreeing to sign the civil release. I was sentenced to 3 months suspended sentence and 1 year unsupervised probation.

At some point after the Sentencing Hearing, a car was driven by the Plaintiff's apartment at 2:00 am and several shots were fired from the car. At the time of this event the Plaintiff was a candidate for Mayor for the City of Auburn. The bullet casings found the next morning were consistent with ammunition known to be used by the Police of the the CITY OF AUBURN, ALABAMA.

Chief FRANK DEGRAFFENRIED has provided a written statement to the Plaintiff prior the night of the arrest indicating his approval of a stop made without reasonable suspicion.

Some of the other named, and possibly unnamed defendants, were responsible in a supervisory and/or training role.

Clerk LANE W. MANN, as refused to file legal documents in compliance with his position as Clerk of the Court of Criminal Appeals, and defaced public records.

The Plaintiff maintains the actions of defendants and their associates were aimed violating the civil rights of the Plaintiff, in order to preserve the social, economic, and psychological status of the defendants and their associates, at the expense of the defendant's social, economic, and psychological status including the Plaintiff's reputation as a licensed Professional Engineer in the State of California.

6.   Relief Requested:  The Plaintiff is requesting multiple forms of relief, dependent on the status of immunity, specific cause of action, and liability of each defendant.

All forms of Declaratory Relief including but not limited to injunctions, orders of performance, quo warranto and mandamus orders are requested. Declaratory Relief is requested for defendants not possessing a valid legal immunity against the Declaratory Relief sought. The Plaintiff requests Declaratory Relief for the following purposes: assistance in dismissal of the unfounded criminal charges, conviction and punishment brought by the City of Auburn and it's agents; assistance in the investigation of criminal civil rights violations by the the defendants and/or associates; assistance and/or direct action in disqualification proceedings of individuals for civil rights violations, including but not limited to disbarment proceedings; injunctions and/or orders of performance instructing appropriate individuals on the status of law and/or prevention and/or remedy of individual and/or institutionalized civil rights violations.

The defendant has requested to proceed IN FORMA PAUPERIS. Within that accompanying motion is a request for the appointment of counsel. Due to the overwhelming response of unified illegal conduct by the defendants, the Plaintiff is also request this counsel as part of declaratory relief to give voice to each of the specific violations committed against the plaintiff, whether referenced here or not, and for the time for the Plaintiff and counsel to document the citations and authorities that prohibit the unlawful actions of the defendants.

Beyond declaratory relief, and based on the specific cause of action, monetary compensation is requested against defendants not possessing a valid legal immunity for the specific type of monetary relief requested. The types of monetary relief requested include, but are not limited to: damages for negligence and/or dereliction of duty, such as failure to train or failure to supervise; damages from emotion and/or psychological distress; physical and/or medical damages; damages from malicious prosecution; damages for false arrest; damage to professional reputation; damages for loss of work time and/or professional development; damages for the plaintiff's legal expenses; punitive damages; and/or damages from direct civil rights violations and/or criminal violations by the defendants.

The Plaintiff, further asks that since some of the monetary relief requested constitute valid torts, and the the amounts of these torts easily exceed the minimum cash value required to allow the plaintiff to request a jury trial, that a jury trial be granted.

I declare under penalty of perjury that the above information is true and correct.

DATE: /1-9

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175