IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED

| | |
|---|---|
| WILLIAM S. MCLAURINE, II ) | |
| plaintiff, pro se ) | |
| ) | |
| v. ) | |
| ) | |
| the CITY OF AUBURN, ALABAMA ) | |
| unnamed police DISPATCHER ) | |
| deputy director BENJAMIN WALKER ) | |
| Officer LAVARRO BEAN ) | |
| Lieutenant MATTHEWS ) | |
| Lieutenant KEITH HOWELL ) | |
| Chief FRANK DEGRAFFENRIED ) | |
| DAVID WATKINS ) | |
| director "BILL" JAMES ) | |
| City Manager CHARLES DUGGAN ) | CIVIL ACTION NO. 3:06-CV-1014-MEF |
| attorney "RICK" DAVIDSON ) | |
| Judge "JOE" S. BAILEY ) | |
| Risk Manager DARCY WERNETTE ) | |
| attorney MATTHEW WHITE ) | |
| attorney PHILLIP THOMPSON ) | |
| Judge JOHN V. DENSON, II ) | |
| the STATE OF ALABAMA ) | |
| the ALABAMA POLICE OFFICER AND ) | |
| TRAINING COMMISION ) | |
| clerk LANE W. MANN ) | |

MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff WILLIAM S. MCLAURINE, II moves this Honorable Court for an order allowing him to proceed in this case without payment of fees, costs, or security therefor, and for grounds therefor submits the attached sworn affidavit and attachment to the affidavit in support of the motion.

The Plaintiff, WILLIAM S. MCLAURINE, II further request that this Honorable court consider the following facts as additional grounds for this motion.

The Plaintiff, WILLIAM S. MCLAURINE, II was granted INDIGIGENT STATUS by Judge JOHN V. DENSON, II. As outlined in the COMPLAINT of this case, the defendant claims that the INDIGIGANT STATUS was improperly revoked, resulting in a civil rights violation. The Plaintiff, WILLIAM S. MCLAURINE, II recognizes that the exact state of financial status has changed both before and after the revocation of INDIGIGENT STATUS, but still maintains that WILLIAM S. MCLAURINE, II qualifies for INDIGIGENT STATUS and the right to proceed IN FORMA PAUPERIS.

The Plaintiff, WILLIAM S. MCLAURINE, II was convicted of OBSTRUCTING GOVERNMENT OPERATIONS, in May of 2006, and alleges the conviction, as outlined in the complaint, was accompanied by actions that violated the civil rights of the plaintiff. The financial results of the conviction required that the Plaintiff, WILLIAM S. MCLAURINE, II

borrow money to pay for an appellate lawyer, and pay fines and fees. In addition to fees for court reporter transcripts, the appeal lawyer's fee, the appeal docket fee, and other various expenses, the fines and fees owed the Court as a result of the conviction amount to a total of $819 with a balance of $750 due on or before December 21, 2006, and at least a further $66.00 in court cost due at an unknown date.

The Plaintiff is requesting an attorney be appointed as per Title 28 §1915. If this Honorable court does not see fit grant the privilege to proceed IN FORMA PAUPERIS and/or the appointment of an attorney, the Plaintiff requests a Hearing, in which to present information to further the aforementioned ends.

I declare under penalty of perjury that the above information is true and correct.

DATE: 11-9-06

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

____Middle____ District of ____Alabama____

William McLaurine
Plaintiff

v.

City of Auburn, et al
Defendant

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

CASE NUMBER: 3:06-CV-1014-MEF

I, __William McLaurine__ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant     ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?   ☐ Yes   ☑ No   (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____ Do you receive any payment from the institution? _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six months'** transactions.

2. Are you currently employed?   ☑ Yes   ☐ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.
   Salary, pre insurance $358.91 post insurance $311.96
   insurance is automatically deducted

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment   ☐ Yes   ☐ No
   b. Rent payments, interest or dividends            ☐ Yes   ☐ No
   c. Pensions, annuities or life insurance payments  ☐ Yes   ☐ No
   d. Disability or workers compensation payments     ☐ Yes   ☐ No
   e. Gifts or inheritances                           ☐ Yes   ☐ No
   f. Any other sources                               ☑ Yes   ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

See Attachment

4. Do you have **any** cash or checking or savings accounts?  ☑ Yes  ☐ No

   If "Yes," state the total amount. $28.86 checking, $23.05 in cash

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?  ☑ Yes  ☐ No

   If "Yes," describe the property and state its value.

   See attachment

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_11-9-06_  
Date

_[signature]_  
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II )<br>plaintiff, pro se )<br> )<br>v. )<br> )<br>the CITY OF AUBURN, ALABAMA )<br>unnamed police DISPATCHER )<br>deputy director BENJAMIN WALKER )<br>Officer LAVARRO BEAN )<br>Lieutenant MATTHEWS )<br>Lieutenant KEITH HOWELL )<br>Chief FRANK DEGRAFFENRIED )<br>DAVID WATKINS )<br>director "BILL" JAMES )<br>City Manager CHARLES DUGGAN )<br>attorney "RICK" DAVIDSON )<br>Judge "JOE" S. BAILEY )<br>Risk Manager DARCY WERNETTE )<br>attorney MATTHEW WHITE )<br>attorney PHILLIP THOMPSON )<br>Judge JOHN V. DENSON, II )<br>the STATE OF ALABAMA )<br>the ALABAMA POLICE OFFICER AND )<br>   TRAINING COMMISION )<br>clerk LANE W. MANN ) | CIVIL ACTION NO. 3:06-CV-1014-MEF |

## ATTACHMENT TO AFFIDAVIT

This document is an attachment to the AFFIDAVIT for the MOTION TO PROCEED *IN FORMA PAUPERIS,* also know as the APPLICATION TO PROCEED WITHOUG PREPAYMENT OF FEES and AFFIDAVIT. The Plaintiff requests this Honorable court consider the following in making it's decisions.

**Money from any other sources within the last 12 months**

sale of a guitar for $200 to my father.
a loan of $500 from my father.
a second loan of $1000 from my father, of which $500 has been paid back.
A $300 endorsement fee from consolidating my student loans. Nothing further expected.

**Items of Value**

Computer-Purchased for about $900 in February of 2006. This is a principle tool I use in researching and preparing legal documents. I am currently representing myself pro se. It is

also a principle tool used in my capacity as an engineer.

Professional Library- A collection of about 100 technical books that I use in my capacity as an engineer. The resale value of each book is estimated between $5 to $35, if a market could be found.

Hewlett Packard 48GX Engineering Calculator-A tool used in my capacity as an engineer. This currently retails between $250 and $350 new. It is 8 or 9 years old.

Model 700 Remington .270 bolt Action Rifle. I found a similar rifle for about $400 online, but I do not know the exact value of this gun.

**Financial Instruments**

In conjunction with my employer, I have $120,000 in life insurance. It is my understanding that I cannot access any cash value from my policy or my employer's policy.

I also possess a prepaid legal insurance plan. It is my current understanding that I do not qualify for direct assistance in this proceeding at this time, but i am afforded a discount on any legal services purchased throught the plan.

    The Plaintiff, WILLIAM S. MCLAURINE, II was granted INDIGIGENT STATUS by Judge JOHN V. DENSON, II. As outlined in the COMPLAINT of this case, the defendant claims that the INDIGIGANT STATUS was improperly revoked, resulting in a civil rights violation. The Plaintiff, WILLIAM S. MCLAURINE, II recognizes that the exact state of financial status has changed both before and after the revocation of INDIGIGENT STATUS, but still maintains that WILLIAM S. MCLAURINE, II qualifies for INDIGIGENT STATUS and the right to proceed IN FORMA PAUPERIS.

    The Plaintiff, WILLIAM S. MCLAURINE, II was convicted of OBSTRUCTING GOVERNMENT OPERATIONS, in May of 2006, and alleges the conviction, as outlined in the complaint, was accompanied by actions that violated the civil rights of the plaintiff. The financial results of the conviction required that the Plaintiff, WILLIAM S. MCLAURINE, II borrow money to pay for an appellate lawyer, and pay fines and fees. In addition to fees for court reporter transcripts, the appeal lawyer's fee, the appeal docket fee, and other various expenses, the fines and fees owed the Court as a result of the conviction amount to a total of $819 with a balance of $750 due on or before December 21, 2006, and at least a further $66.00 in court cost due at an unknown date.

I declare under penalty of perjury that the above information is true and correct.

DATE: 11-9-06

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175