IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2006 NOV 27 A 10: 14
...RA P. HACKETT
...DISTRICT COU...
MIDDLE DISTRICT AL..

| | |
|---|---|
| WILLIAM S. MCLAURINE, II<br>plaintiff, pro se<br><br>v.<br><br>the CITY OF AUBURN, ALABAMA<br>unnamed police DISPATCHER<br>deputy director BENJAMIN WALKER<br>Officer LAVARRO BEAN<br>Lieutenant MATTHEWS<br>Lieutenant KEITH HOWELL<br>Chief FRANK DEGRAFFENRIED<br>DAVID WATKINS<br>director "BILL" JAMES<br>City Manager CHARLES DUGGAN | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION NO. 3:06cv1014-MEF<br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

This document has been modified and refiled to comply with the ORDER issued in this matter on November 16th. The Plaintiff has removed names of some defendants and some claims of the COMPLAINT in order to simply the nature of allegations and to focus on those allegations in which the expiration of time limits is quickly approaching. The Plaintiff reserves the right amend this COMPLAINT at a later date.

1. Plaintiff's address and Phone number: WILLIAM S. MCLAURINE, II. 222 Tichenor Avenue #4, Auburn, Alabama 36830. Cell Phone: (334) 524-2175.

2. Name and Address of Defendants: The exact home address of individuals is not know. The work address of each is given.
   Multiple Defendants are employed by the Auburn Department of Public Safety, who are: unnamed police DISPATCHER, deputy director BENJAMIN WALKER, Officer LAVARRO BEAN, Lieutenant MATTHEWS, Lieutenant KEITH HOWELL, Chief FRANK DEGRAFFENRIED, and director "BILL" JAMES. The address for these defendants is 141 Ross Street, Auburn, AL.
   The city of AUBURN, ALABAMA is assumed to reside at office the City Manager CHARLES DUGGAN, who is also the city clerk. The Address for this defendant is assumed to be 144 Tichenor Avenue, Suite 1, Auburn, Alabama, 36830.
   DAVID WATKINS, is the former City Manager for the City of Auburn, Alabama. His current address is not know to the plaintiff, but the last know address was the office of city Manager, 144 Tichenor Avenue, Suite 1, Auburn, Alabama, 36830.

3. Place of alleged violations of civil rights: Toomer Street, Auburn, Alabama; Lee County Justice Center, Opelika, Alabama.

4. Date of Alleged violations of civil rights: This complaint covers actions beginning on or

about November 26, 2004 and on or about December 6, 2004.

5.  State the facts on which you base your allegation that your constitutional rights have been violated:  The Plaintiff presents the following four counts.  Included are percentages of estimated liablity.  The Plaintiff had been under the impression that such specificity was not need at this level, but is trying to comply as closely as possible with the motion ordering more details.  Should a precentage estimate not be necessary at this time the Plaintiff request that it be ignored in favor of a more thourough investigation into the matter at a later date.

[1]  On or About November 26, 2004, Officer LAVARRO BEAN was dispatched to investigate an anonymous complaint call made to 911.  Officer LAVARRO BEAN proceed to the proximity of the location defined by the caller, and then began a search pattern, eventually contacting the Plaintiff, WILLIAM S. MCLAURINE, II.  Officer LAVARRO BEAN then interrupted the travel of the Plaintiff, as the Plaintiff was walking on the public sidewalk of Toomer Street.  Officer LAVARRO BEAN has admitted under oath, to interrupting the travel of the Plaintiff on the sidewalk, even having to go so far as to call out to the Plaintiff twice, before the Plaintiff ceased motion.
    Officer LAVARRO BEAN has admitted under oath, that prior to contacting the Plaintiff, Officer LAVARRO BEAN had no reason to believe that the Plaintiff had committed a crime or was committing a crime.  Officer LAVARRO BEAN was asked under oath if he had reason to believe that the Plaintiff was about to commit a crime, he responded by indicating that the purpose of the stop was to determine if the Plaintiff was about to commit a crime, and gave no indication of any particularized suspicion of the Plaintiff.
    After contacting the Plaintiff, Officer LAVARRO BEAN, requested that the Plaintiff present some identification.  The Plaintiff responded by asking why the officer needed to see identification.  The officer responded by saying "We got a call about somebody carrying something."  The Plaintiff refused to present identification, and after further exchange Lieutenant MATTHEWS (then a Sergeant) arrived.  After the arrival of Lieutenant MATTHEWS, both officers asked for the Plaintiff's name, identification and an explanation of the Plaintiff's presence in the area.  The Plaintiff refused to provide the requested information.
    After the officer's began to repeat their questions instead of asking new ones, the Plaintiff indicated that unless the Plaintiff was physically restrained, the Plaintiff would proceed down the sidewalk in the direction of original travel.  After a brief pause, no verbal response came from either officer, so the Plaintiff took a step in the direction of original travel.  Both officers physically seized the Plaintiff.  Each officer grabbed one arm.  The Plaintiff offered no resistance.
    After the arrival of Lieutenant KEITH HOWELL, the Plaintiff was arrested for "Obstructing Government Operations."  Lieutenant KEITH HOWELL, seemed to be the one to make the decision to arrest the Plaintiff.
    Officer LAVARRO BEAN, filed a police report and filed a complaint with a magistrate, indicating that the person who had made the compliant call, had stated that a suspect was "looking into houses" and possibly had a weapon.  The unnamed police DISPATCHER had stated to Officer LAVARRO BEAN, that the suspect was looking "at houses."  Both statements are not true.  The caller never specified the word "houses" or indicated what object or objects the suspect was looking at.  To the knowledge of the Plaintiff, the only place the word "weapon" came from, was the imagination of Officer LAVARRO BEAN.
    The Plaintiff is a licensed Professional Engineer in the State of California.
    The Plaintiff has been led to believe that the Auburn Police Department receives

Department of Justice Funds.

Officer LAVARRO BEAN, Lieutenant MATTHEWS, Lieutenant KEITH HOWELL, and the unnamed police DISPATCHER are agents for the CITY OF AUBURN, ALABAMA.

The Plaintiff maintains that the actions describe in this count constitute the tort of FALSE ARREST. The CITY OF AUBURN, ALABAMA is made liable through the MASTER AGENT tort, and that such actions are recoverable in this honorable court as a violation of civil rights.

The relief sought is monetary damages. A JURY TRIAL is requested for this count. The Monetary Damages for this count are in excess of $2,000,000.00 (Two Million dollars). The Plaintiff reserves the right to raise this value as more information is made available.

The defendants who are named LIABLE (and estimated percentages of liability in this count) are Officer LAVARRO BEAN (26.6%), Lieutenant MATTHEWS(14.1%), Lieutenant KEITH HOWELL(6.6%), the unnamed police DISPATCHER(2.5%), and the CITY OF AUBURN, ALABAMA(50%).

This count is not meant to supersede action for the tort of MALICIOUS PROSECUTION which is to be filed at a later time, or restrict liability for other actions beyond the scope of this count of the named defendants to this count.


[2]     On or About November 26, 2004, Officer LAVARRO BEAN was dispatched to investigate an anonymous complaint call made to 911. Officer LAVARRO BEAN proceed to the proximity of the location defined by the caller, and then began a search pattern, eventually contacting the Plaintiff, WILLIAM S. MCLAURINE, II. Officer LAVARRO BEAN then interrupted the travel of the Plaintiff, as the Plaintiff was walking on the public sidewalk of Toomer Street. Officer LAVARRO BEAN has admitted under oath, to interrupting the travel of the Plaintiff on the sidewalk, even having to go so far as to call out to the Plaintiff twice, before the Plaintiff ceased motion.

Officer LAVARRO BEAN has admitted under oath, that prior to contacting the Plaintiff, Officer LAVARRO BEAN had no reason to believe that the Plaintiff had committed a crime or was committing a crime. Officer LAVARRO BEAN was asked under oath if he had reason to believe that the Plaintiff was about to commit a crime, he responded by indicating that the purpose of the stop was to determine if the Plaintiff was about to commit a crime, and gave no inidication of any particularized suspicion of the Plaintiff.

After contacting the Plaintiff, Officer LAVARRO BEAN, requested that the Plaintiff present some identification. The Plaintiff responded by asking why the officer needed to see identification. The officer responded by saying "We got a call about somebody carrying something." The Plaintiff refused to present identification, and after further exchange Lieutenant MATTHEWS (then a Sergeant) arrived. After the arrival of Lieutenant MATTHEWS, both officers asked for the Plaintiff's name, identification and an explanation of the Plaintiff's presence in the area. The Plaintiff refused to provide the requested information.

After the officer's began to repeat their questions instead of asking new ones, the Plaintiff indicated that unless the Plaintiff was physically restrained, the Plaintiff would proceed down the sidewalk in the direction of original travel. After a brief pause, no verbal response came from either officer, so the Plaintiff took a step in the direction of original travel. Both officers physically seized the Plaintiff. Each officer grabbed one arm. The Plaintiff offered no resistance.

After the arrival of Lieutenant KEITH HOWELL, the Plaintiff was arrested for "Obstructing Government Operations." Lieutenant KEITH HOWELL, seemed to be the one to make the decision to arrest the Plaintiff.

Officer LAVARRO BEAN, filed a police report and filed a complaint with a magistrate, indicating that the person who had made the compliant call, had stated that a suspect was "looking into houses" and possibly had a weapon. The unnamed police DISPATCHER had stated to Officer LAVARRO BEAN, that the suspect was looking "at houses." Both statements are not true. The caller never specified the word "houses" or indicated what object or objects the suspect was looking at. To the knowledge of the Plaintiff, the only place the word "weapon" came from, was the imagination of Officer LAVARRO BEAN.

Previous to this event the Plaintiff had the opportunity to complain about another unreasonable stop. A letter issued by Chief FRANK DEGRAFFENRIED indicated the reasons for the previous stop. The reasons in the letter were references to crimes on or about January 8, 2004. The letter listed no specific articulations of suspicion against the Plaintiff, on or about the night of January 8, 2004, used to justify the the previous stop of the Plaintiff. This letter indicates a trend latter confirmed by the testimony of Officer LAVARRO BEAN and Lieutenant MATTHEWS that stops are made solely on the basis of an area being a "High Crime" area, without articulations of individualized suspicion.

Chief FRANK DEGRAFFENRIED, director "BILL" JAMES and DAVID WATKINS had responsibility for supervision and training over Officer LAVARRO BEAN, Lieutenant MATTHEWS, and Lieutenant KEITH HOWELL during the events listed in this count.

deputy director BENJAMIN WALKER, director "BILL" JAMES and DAVID WATKINS had responsibility for supervision and training over the unnamed police DISPATCHER during the events listed in this count.

The Plaintiff is a licensed Professional Engineer in the State of California.

The Plaintiff has been led to believe that the Auburn Police Department receives Department of Justice Funds.

Chief FRANK DEGRAFFENRIED, Officer LAVARRO BEAN, Lieutenant MATTHEWS, Lieutenant KEITH HOWELL, and the unnamed police DISPATCHER are agents for the CITY OF AUBURN, ALABAMA.

The Plaintiff maintains that the actions describe in this count constitute the tort of NEGLIGENCE, And that damages from such actions are recoverable in this honorable court as a violation of civil rights. The CITY OF AUBURN, ALABAMA is made liable through the MASTER AGENT tort.

The relief sought is monetary damages. A JURY TRIAL is requested for this count. The Monetary Damages for this count are in excess of $8,000,000.00 (Eight Million dollars). The Plaintiff reserves the right to raise this value as more information is made available.

The defendants who are named LIABLE in this count (and estimated percentages of liability in this count) are Chief FRANK DEGRAFFENRIED(16 2/3%), director "BILL" JAMES(16 2/3%), DAVID WATKINS(16 2/3%), and the CITY OF AUBURN, ALABAMA(50%).

This count is not meant to supersede action for the tort of MALICIOUS PROSECUTION which is to be filed at a later time, or restrict liability for other actions beyond the scope of this count of the named defendants to this count.

[3]     On or About November 26, 2004, Officer LAVARRO BEAN, in conjunction with other officers had seized and was questioning the Plaintiff. Officer LAVARRO BEAN and Lieutenant MATTHEWS (then a Sergeant) had requested of the Plaintiff the following: name, identification, and reason for being in the area. The Plaintiff had refused to answer either of the officers.

Officer LAVARRO BEAN  proceed with questioning and the Plaintiff was no longer responding to most of Officer LAVARRO BEAN questions. At one point in the questioning, Officer LAVARRO BEAN asked the question, "Is it because I'm black." Officer LAVARRO

BEAN is Black, and the Plaintiff is White.  Officer LAVARRO BEAN has testified under oath that the question was meant as a joke.  The next question asked by Officer LAVARRO BEAN was, "What nation do you work for?"  The next question was "Do you work for the confederate government, because I know some guys who do?"  There was a pause between each question.

The Plaintiff has been led to believe that the Auburn Police Department receives Department of Justice Funds.

Officer LAVARRO BEAN, is an agent of the CITY OF AUBURN, ALABAMA.

A complaint was lodged with the Federal Bureau of Investigation.  The matter of race was covered in writing and a face to face interview with FBI Special Agent Kelvin King and his partner.  This meeting was around February of 2005.  To the Plaintiff's knowledge no action was taken as a result of the complaint made to the FBI.

The legal Theory of Relief, is that these actions of Officer LAVARRO BEAN were racially motivated, and meant to intimidate and deny equal treatment under the law as a VIOLATION OF CIVIL RIGHTS.  The CITY OF AUBURN, ALABAMA is made liable through the  MASTER AGENT tort.

The relief sought is monetary damages.  A JURY TRIAL is requested for this count.  Damages for this actions exceed $20,000.00 (Twenty Thousand Dollars).

The defendants named LIABLE in this count (and estimated percentages of liability in this count) are Officer LAVARRO BEAN (50 %), and the CITY OF AUBURN, ALABAMA (50%).

This count is not meant to supersede action for the tort of MALICIOUS PROSECUTION which is to be filed at a later time, or restrict liability for other actions beyond the scope of this count of the named defendants to this count.

[4]     On or About November 26, 2004, Officer LAVARRO BEAN, in conjunction with other officers had seized and was questioning the Plaintiff.   Officer LAVARRO BEAN and Lieutenant MATTHEWS (then a Sergeant) had requested of the Plaintiff the following: name, identification, and reason for being in the area.  The Plaintiff had refused to answer either of the officers.

Officer LAVARRO BEAN  proceed with questioning and the Plaintiff was no longer responding to most of  Officer LAVARRO BEAN questions.  At one point in the questioning, Officer LAVARRO BEAN asked the question, "Is it because I'm black."  Officer LAVARRO BEAN is Black, and the Plaintiff is White.  Officer LAVARRO BEAN has testified under oath that the question was meant as a joke.  The next question asked by Officer LAVARRO BEAN was, "What nation do you work for?"  The next question was "Do you work for the confederate government, because I know some guys who do?"  There was a pause between each question.

Lieutenant MATTHEWS was present, the acknowledged supervisor of Officer LAVARRO BEAN.   Lieutenant MATTHEWS did not stop Officer LAVARRO BEAN at the first sign of racial discrimination and allowed a question of race and/or national origin to be injected in the interogation.   Lieutenant MATTHEWS did not stop Officer LAVARRO BEAN when after Officer LAVARRO BEAN made comments designed to discriminate based on race and/or national origin.  The Plaintiff has ancestors who were citizens of the Confederate States of America.

The Plaintiff has been led to believe that the Auburn Police Department receives Department of Justice Funds.

Chief FRANK DEGRAFFENRIED, Officer LAVARRO BEAN and Lieutenant MATTHEWS are agents of the CITY OF AUBURN, ALABAMA.   DAVID WATKINS was an

agent of the CITY OF AUBURN, ALABAMA during the time frame in which the events of this count occurred.

A complaint was lodged with the Federal Bureau of Investigation. The matter of race was covered in writing and a face to face interview with FBI Special Agent Kelvin King and his partner. This meeting was around February of 2005. To the Plaintiff's knowledge, no action was taken as a result of the complaint made to the FBI.

The legal Theory of Relief, is that the comments of Officer LAVARRO BEAN and the inactions of Lieutenant MATTHEWS were the result of the tort of NEGLIGENCE on the part Lieutenant MATTHEWS to supervise, and of Chief FRANK DEGRAFFENRIED and DAVID WATKINS to Train and/or Supervise the officers under their command.

The relief sought is DECLARTORY RELIEF. The Plaintiff will not seek monetary damages for this count, beyond legal fees.

The Plaintiff request that Lieutenant MATTHEWS and Chief FRANK DEGRAFFENRIED be required to undergo a comprehensive anti-descrimination training course, with special emphasis on discrimination based on the nation origin of people who have ancestors who where citizens of the Confederate States of America.

The Plaintiff further requests that the CITY OF AUBURN, ALABAMA be required to provided comprehensive anti-discrimination training to all employees.

The Plaintiff further requests that the CITY OF AUBURN, ALABAMA, for a period of one year, be barred from conducting internal investigations into discrimination complaints, made by or against employees of the CITY OF AUBURN, ALABAMA, without notifying the Department of Justice and/or this court, or a designated supervisor to act in place of this court, of the initiation of a complaint, and all proceedings of the investigation.

The CITY OF AUBURN, ALABAMA is made liable through the MASTER AGENT tort.

The defendants named in this count are Chief FRANK DEGRAFFENRIED, Lieutenant MATTHEWS, the CITY OF AUBURN, ALABAMA.

This count is not meant to supersede action for the tort of MALICIOUS PROSECUTION which is to be filed at a later time, or restrict liability for other actions beyond the scope of this count of the named defendants to this count.

I declare under penalty of perjury that the above information is true and correct.

DATE: 11-24-06

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175