IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II<br>plaintiff, pro se<br><br>v.<br><br>the CITY OF AUBURN, ALABAMA<br>unnamed police DISPATCHER<br>deputy director BENJAMIN WALKER<br>Officer LAVARRO BEAN<br>Lieutenant MATTHEWS<br>Lieutenant KEITH HOWELL<br>Chief FRANK DEGRAFFENRIED<br>DAVID WATKINS<br>director "BILL" JAMES<br>City Manager CHARLES DUGGAN | 2007 JAN 24  A 9: 20<br><br>P. HACKETT<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA.<br><br>CIVIL ACTION NO. 3:06cv1014-MEF<br><br>**DEMAND FOR JURY TRIAL** |

## REPLY TO ANSWER

COMES NOW the Plaintiff in REPLY to the ANSWER presentened by some of the Defendants. The Plaintiff asserts that this REPLY is not intended to serve as the sole REPLY to the MOTION to dismiss, and that issues raised in that motion be addressed in the REPLY for that motion to be filed at a later date.

The Plaintiff uses the following phrase, "Denial reverts the decision to the tryer of fact and/or law," to include the meaning that such action will be proven in the proper course of continuing this Civil Action by allowing the plaintiff to be heard on the matter.

1. The defendants agree and no reply is necessary.
2. (a) Absent from this reply is any Identification or acknowledgement of the Indentity of the "unnamed Police Dispatcher. Such an individual should be indentifiable by the information previously provided to the Defendant City of Auburn, Alabama. A concurrent MOTION titled FIRST MOTION FOR CORRECTIVE ACTION, has been filed to address this.
   (b) A new address for Defendant David Watkins has been found and it is addressed in the concurrent MOTION titled FIRST MOTION FOR CORRECTIVE ACTION.
3. Denial reverts the decision to the tryer of fact and/or law.
4. Denial reverts the decision to the tryer of fact and/or law.
5. Denial reverts the decision to the tryer of fact and/or law. The Plaintiff contends that some items in this paragraph of the ANSWER are deceptive and some are false. The Plaintiff has maintained that the refusal to respond was done so lawfully. The Plaintiff has admitted that he recognized the Officers by their badges and other equipment as "law enforcement officers" but not that the Plaintiff was lawfully required to respond. The Plaintiff has also maintained that the request was not lawful. The Plaintiff recognizes the conviction only so far as a pro forma procedure. The Plaintiff contests the Validity of the Decisions of

1

Law and Procedure and such conviction is on Appeal with the Alabama Court of Criminal Appeals.

## REPLY TO AFFIRMATIVE DEFENSES

1. Denial reverts the decision to the tryer of fact and/or law.
2. Denial reverts the decision to the tryer of fact and/or law. Where the issue is clarity of nominal damages, the Plaintiff request that damages not be specfied until after a proper response from discovery is allowed to take place, or other such time as this court requires specificity. It is unclear what the Plainiff is suppose to reply to in this paragraph.
3. This court has already ruled that More Definition is required, and the Plaintiff replied. The result was this court allowed the matter to go forward. The Plaintiff requests that this court rule what specifically is needed and the time and/or resources to complete the neccesary REPLY. A concurrent MOTION titled FIRST MOTION FOR CORRECTIVE ACTION, has been filed to address this.
4. Denial reverts the decision to the tryer of fact and/or law.
5. Denial reverts the decision to the tryer of fact and/or law. The Defendant have not given any reason other than their belief in exemption from the tort. The Plaintiff cannot respond to this because of lack of information with which to respond.
6. Denial reverts the decision to the tryer of fact and/or law. The plaintiff will demonstrate that this statement is false. The plaintiff has not been made aware of any punative actions for bad acts atributed to individuals involved even though complaints have been filed. Lack of any punative actions indicates that the action(s) were acceptable to policy makers.
7. Denial reverts the decision to the tryer of fact and/or law. The Defendants have not provided the information on which to base a REPLY. Any fact affecting res judicata, collateral estoppal, and/or issue preclusion will be handled below in items 14, 15, and 16.
8. Denial reverts the decision to the tryer of fact and/or law. The Defendants have not provided the information on which to base a REPLY. Any fact affecting res judicata, collateral estoppal, and/or issue preclusion will be handled below in items 14, 15, and 16. The Plaintiff still asserts that the actions of the Defendants are without legal justification. The Defendants have not provided the Plaintiff or this court with any specific law or legally binding procedure that can form the basis the Plaintiff can respond to this because of lack of information with which to respond.
9. This is assummed to be with respect to items addressed in item 42, below. As noted the following sectoins, including but not limited to item 35 and 42, below, the Plaintiff requests ad hoc decisions on each item and the nature of discoverablity and/or other items of privlidge. The Plaintiff request that insertion of each objection should be on the part of the defendant(s) to prove privlidge in each decision.
10. The Plaintiff denies this. Denial reverts the decision to the tryer of fact and/or law.
11. The Plaintiff denies this. In January, 2004, the Plaintiff was stopped by Officer Jenkins. The Plaintiff first refused to present Identification and then relented under protest. The Plaintiff filed a complaint and received a written document detialling the reason for the stop. No specific articulation of suspcion was made against the Plaintiff for the stop. The Plaintiff informed Chief DeGraffenried that such stops were illegal. The Plaintiff will document a history and actions showing the Plaintiff went out of his way to avoid this situation.

12. The Plaintiff denies this. Excerise of civil rights involves no predictable risk in this matter. Denial reverts the decision to the tryer of fact and/or law.

13. The Plaintiff denies this. See Items 11 and 12 in this section.

14. The Plaintiff denies res judicata is applicable. The plaintiff's understanding of res judicate is summed up in the following sentence. Res Judicata is the principle of not allowing the retrying of a proper claim, in which a valid, final decision has been reached in another court of competent jurisdiction. The plaintiff will expand on this defintion in this section, and pleads for correction and/or illumination of this principle so as to better REPLY. Some sources indicate that collateral estoppal, sometimes called issue preclusion, is included in the concept of res judicata. The Plaintiff addresses collateral estoppal in the section 15 below and by refrenence in section 15 to section 14. The Plainitiff and assumes issue preclusion is addressed by addressing collateral estoppal and res judicata. See section 16 below.

The plaintiff pleads consideration of each of the following items with respect to res judicata (and colleateral estoppell by reference to section 14 by section 15):

(a) This decision of the previous court is not final. It is on appeal with the Alabama Court of Criminal Appeals. The Plaintiff is not asking for review or any injunctive motion from this Honorable court to interfere with the review of the court proceedings in State Court. The Plaintiff is confident that when the appeals process in the Criminal matter against the Plaintiff are complete, William S. McLaurine will be vindicated. The Plaintiff simply requests that this court may not take notice of the decisions of the State Court until they are complete and final.

(b) The Plaintiff was not a Plaintiff in the previous preceeding, and the court did not have jurisdiction for the recovery of damages as claimed in this matter in away to allow recovery of damages.

(c) While the Plaintiff recognizes a claim of charge with an unconstitutional law, by intself, is not grounds for excuse from res judicata, the Plaintiff avers that res judicata is an equitable principle and as such, any request involving res judicata must adhere to prinicples and rules of law and equity. In the previous preceeding the City of Auburn, Alabama proceeded without good faith and with duplicity, fraud, and impropriety. As such the defendants are not entitled to relief.

Specifically, during the Trial, prosecutor for the City of Auburn, Alabama, Matthew White, asked a leading question. The purpose was to elicit from the plaintiff, then the defendant at trial, a false statement. The prosecutor, while cross examining the Plaintiff, then the defendant at trial, asked if the Police were only after just the name of William S. McLaurine, II. This was to imply that the police were not asking for an identification card and explanation of the activities of William S. McLaurine as demanded by police officers on the night of the arrest of William S. McLaurine, II. Even a casual reading of this question implies that Matthew White was attempting to suborn perjury.

A more detailed analysis of the question shows that the specific difference in the two accounts perported by Matthew White's question, amount to a clear and distinctive case history showing that the law was unconstitutionally being applied, with knowledge of such unconstitutional action known to Matthew White. The fact that Matthew White was attempting to make this distinction shows a belief that it would be neccesary to defend his actions, even if on appeal. Mathew White was familiar with the case on point, Hiibbel v. the Sixth District Judicial Court of Neveda, et al. 124 S.Ct 2451 citing it in court. This demonstrates a belief that the argument presented by the prosecutor required an alternative

3

theory of law and/or fact to establish a case. This precludes good faith and creates a lack of reasonable doubt in the mind of a prosecuting attorney in a criminal trial. This action is fraud.

The City of Auburn, Alabama and its agents attempted to secure a plea deal from the Plaintiff, then a defendant on trial. The deal would have been to drop the criminal charges in exchange for a civil release. This demonstrates that the City of Auburn, Alabama and its agents were more interested in obtaining a civil defense than in prosecuting the criminal case. The plea deal as offered, besides being unethical, is prohibited by Alabama Constitution Article I §§7, 10, 35, and 36.

All of the bad actions listed here and elsewhere in this document were compounded by improper acts by Judge John V Denson, II, the presiding judge at the Criminal Trial. The Plaintiff avers that the Defendants cannot gain benefit and/or protection by illegal acts of a coconspiratory, or person in collusion, who violated the rights and due process of William S. M part (c) section 15, the plaintiff claims that the purpose of the criminal prosecution was to attempt acLaurine, II. The Plaintiff request time to detail these actions. The Plaintiff is preparing an EXTENDED COMPLAINT to help address this further.

(d)   As noted in part (c) section 15, the plaintiff claims that the purpose of the criminal prosecution was to attempt acLaurine, II. The Plaintiff request time to detail these actions. The Plaintiff is preparing an EXTENDED COMPLAINT to help address this further. res judicata civ res judicata civil defense for the bad actions of the Defendants. There are no facts that can stand review to support a conviction as a matter of law. Article I §§5 and 35 of the Constition of Alabama prohibits the use of the government for this type of act. Article I §36 removes the authority of the government to participate in actions protected by the Bill of Rights of the Alabama Constitution. As such, the Court in the Criminal Trial is not a court of competent Jurisdiction to enact the obvious purposes of the Defendants. The Plaintiff recognizes that this statement deprives the State and its Instruments of significant defenses, but a carefull reading of the Constitution of Alabama and analsyis of it supporting documents, shows that this was the intent of the framers and what was Adopted by the People of Alabama in the ideals of limited government.

(e)   The Plaintiff, while a defendant on trial, was not allowed to fairly litigate the postion(s) claimed in this matter or in the matter before the before the Circuit Court of Lee County. The actions the Plaintiff refers to, violate due process under the Constitution of the United States and the Constitution of Alabama. The Plaintiff avers that is not neccesarry to review the facts or the law of the case to determine validity of the case, but the procedural errors alone are enough to invalidate the case as being outside the law under the due process and equal protection clauses of the United States Constitution, as well as provisions of the Alabama law and the Alabama Constitution. In pleading res judicata the defendants must imply that the procedure in the previous trial was proper and fair. The Plaintiff asserts that it was not.

Specifically, the Plaintiff asserts the following as several and seperate and reasons to demonstrate procedural error: assignment of appointed counsel with a known conflict of interest in this matter, appointment of counsel who refused to meet with and discuss the case before appearing in court on behalf of the defendant on multiple occasions, refusal to provide a defense for the Plaintiff as defendant on trial, intimidation by appointed counsel, violations of civil rights and interference with due process by appointed counsel, participation by appointed counsel in proceeding outside the presence of the Plaintiff as defendant on trial in violation of due process, extrajudicial procedures resulting deprivation of counsel by Judge John V. Denson, II in violation of due process, the Judge abusively granting

a meritless delay in trial proceeding after a notice of demand for speedy trial was issued, prosecutor Matthew White violating discovery rules, bias and intimidation in violation right to petion for greivance by the Judge in the case, failure of the judge to disqualify himself on grounds related to the conflict of interest between the Judge John V. Denson, II and the community around Auburn University, the refusall of Judge Denson to allow the Plaintiff as Defendant on Trial, address the jury as required by Alabama Constitution Article I §§6, 7, 11, 35, and 36, and for various other procedural violations.

The Plaintiff plead for time and opportunity to prove these other actions representing procedure violations to this court, if the court find it neccesarry to continue this action.

(e) The Plaintiff was a pro se defendant in the Criminal Trial. The Plaintiff was not served with notice that failure to argue, or to notice of the abandonment of a claim. As such the Plaintiff argues that the Plaintiff right to due proccess would be violated by application of res judicata and/or collateral estoppel (also called claim preclusion and issue preclusion respectively).

15. The Plaintiff denies that collateral estoppel is applicable. All the reasons applicable listed in section 14 as apllied to res judicata are applicable to collateral estoppel. Particulary important is the fact that the Plaintiff as defendant on trial was unable to fairly litigate the merits of the issues as addressed in section 14 parts (d) and (e), as well as not having grounds for raising the issues as a claim in the criminal matter.

16. The Plaintiff denies that issue preclusion is applicable. Issue preclusion is the same thing as collateral estoppel. See Section(s) 14 and 15 on collateral estoppel for address of this issue.

17. The Plaintiff denies this. This assertion is doctrine derived from res judicata and the Plaintiff has addressed that and related issues in setions 14, 15, and 16. The extence of reasonable suspicion and probable cause are elements on appeal in the Alabama Court of Criminal Appeals.

18. The Plaintiff denies that immunity is allowed. For immunity to exist, jurisdiction must exist; then a legal authority to act must exist; and the authority and/or jurisdiction must not be blocked by a civil right, and/or a legally binding prohibition to immunity.

The right to be free from unreasonable search and seizure is garanteed in the fourth amendment of the United States Constitution and in Article I §5 of the Constituion of Alabama. Article I §36 garantees the enforcement of unenumarted rights by the Constitution of Alabama, including the rights against unreasonable search and seizure provided by the Fourth Amendment to the United States Constitution. Article I §§35, 36 of the Alabama Constition provides that in order to order to protect against encroachment on the rights describe in Article I, "...to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration of Rights is excepted out of the general powers of government, and shall forever remain inviolate." This phrase precludeds jurisdiction for an unreasonable search and seizure, and hence any ability of the State of Alabama to offer authority or immunity for such an action is precluded.

The state of Alabama is barred by Federal Statute from being immune and hence cannot imbue immunity on its agents.

Immunity requires a lawful action. There is no provision allowing a unreasonable search and/or seizure in Alabama law.

19. The Plaintiff denies that substanive immunity is allowed. See all elements of Section 18 on immunity. Subantive Immunity would require the production of evidence to

demonstrate that immunity should be allowed. The Plaintiff maintains this has not been done and cannot be done as a matter of law.

20. The Plaintiff denies that state agent immunity is allowed. See all elements of Section 18 on immunity. The state of Alabama is barred by Federal Statute from being immune and hence cannot imbue immunity on its agents or instruments.

21. The Plaintiff denies that discretionary function immunity is allowed. See all elements of Section 18 on immunity. See also section 19 on substantive immunity.

22. The Plaintiff denies that this is allowed. The statement in this section of the ANSWER is restatement of the principles of all elements of Section 18, 19, 20, and/or 21 and is addressed above.

23. The Plaintiff denies that qualified immunity is allowed. Qualified Immunity requires a lawful action. There is no provision allowing a unreasonable search and/or seizure in Alabama law. See all elements of Section 18, 19, 20, and/or 21 and is addressed above.

24. The Plaintiff denies that good faith existed. To plead good faith the defendants must point to a set of facts and/or law that would have allowed the action to take place if reasonable believed to be true. While belief in a set of facts exists, the facts as believed in and/or credibly believed do not constitute a basis for good faith. The Defendants are basicly saying that because they believe they could take the action means, that they should legally be allowed to take the action, regardless of the lawfulness of the action.

25. The Plaintiff denies this. Denial reverts the decision to the tryer of fact and/or law.

26. The Plaintiff denies this. Denial reverts the decision to the tryer of fact and/or law. The Plaintiff would like to point out that this seems to include using racially motivated statements to intimidate a suspect.

27. A new address for Defendant David Watkins has been found and it is addessed in the concurrent MOTION titled FIRST MOTION FOR CORRECTIVE ACTION.

28. As the Plaintiff understands at this time, the cap for punitive damages is the greater amount of treble damages or $500,000.00. The plaintiff does not accept the restriction of punitive damages against the city of Auburn, as a cap, but an immunity. As such the plaintiff demands that the cap of punitive damages against the city of Auburn, Alabama be the greater amount of treble damages or $500,000.00.

29. The Plaintiff denies this. The plaintiff has filed multiple timely Notices on this matter. In addition the requirement of the law is so that the City may conduct an investigation into the complaint. Prosecutor Rick Davidson interfered with the Plaintiff right to address and petion his government as found in the First Amendment to the United States Constituion and in Article I §25 of the Alabama Constituion. Even though the Plaintiff was aware of meeting with a prosecutor of the City and endangering protections and rights in the criminal matter, the Plaintiff met with Rick Davidson to conduct an interview on the matter of a complaint. This was done within the notice period and fulfills the requirement of the law. Civil Rights cases do not require notice in this manner.

30. Plaintiff denies this is true. See Section 18, 19, 20, 21, 22, 23 and 28.

31. Plaintiff denies this is true. See Section 18, 19, 20, 21, 22, 23, 29, and 30. There is no legal provision in this section to which the Plaintiff can respond.

32. The Plaintiff avers that compensatory damages for pain and suffering are punative in nature. The Plaintiff will comply with all requirements of assesing punative damages in this matter. See all other sections on punative damages, especially Section 35 and 42 below. The Plaintiff avers that the Defendants seem to be claiming that punative

damages are unconstitutional.  The Plaintiff denies this.

33.  The Plaintiff avers that discretionary, compensatory damages for mental suffering are a foundation of punative damages.

    a.  The reasonable limit is the statutory cap on punative damages and is a mater of law.

    b.  The reasonable limit is the statutory cap on punative damages and is a mater of law.  See Alabama Code §6-11-20.

    c.  The discretionary portion of punative damages address the method and circumstances of the violation.  When individuals engage malicious unlawful acts they subject themselves to punative damages which have a statutory cap.  The Defendants seem to be arguing that unless a crime has a specificly determined punishment, with no option on part of the jury or the judge to determine the degree of a violation, then such a law is void.  Again the defendants seem to be arguing the punative damages are not allowed as a matter of law.

    d.  This is again an argument that punative damages are a violation of rights.  Punative damages are an accepted part of the standard practice of law.

34.  The Plaintiff again avers that mental suffering is a subset of punative damages, and applicable to the protection of the rights of the Plaintiff as a furtherance of the interest of the state in protecting those rights.

35.  The Plaintiff denies the claims in this section ar valid.  Where the court finds any validity to these statement the Plaintiff asks that the court provide the common remedy to allow the COMPLAINT to proceded.  The Plaintiff recommends the following in addition to the courts suggestions for remedy.

    (a)  The defendants have also previously request Privilidge in Section 9 above.  As the Plaintiff will also seek to bring a criminal complaint (presumably throught the Justice Department) agains the defendants.  The Plaintiff does not wish to jeopardize a criminal prosecution, the Plaintiff request that all possible Privilidge should be allowable.

If the defendants choose to invoke the Fifth Amendment against self incrimination at any point, the Plaintiff request that the testimony or other declarations not be admissable at trial on behalf of any such Defendant, but publicly available records and previous testimony should be allowed on behalf of the Plaintiff.

The Plaintiff reserves the right to rescind this provision if punative damages are not pursued or such provisions are not neccesary to proceed with punative damages as determined by this Honorable Court.

The Plaintiff insists that the City of Auburn, Alabama, is a public institutuion and while some elements of the information possessed by the city will be privilidge, most will not.  The Plaintiff further request that any material or information that could be procured throught any lawful means, other than be compulsory discovery, be considered discoverable.  The Plaintiff also avers that any time limit normally associated with discovery of such information and/or material come under the discretion of the rules of discovery as determined by this Honorable Court.  The Plaintiff avers that it will be the responsibility of each individual Defendant to be aware of all discovery request made of any defendant in the case, and be also responsible for raising and objection to such discovery material in a timely manner.

If any defendant pleads privlidge of a normally discoverable item, or invokes any element of the Fifth Amendment protection against self incrimination, the Plaintiff request that the trier of Fact be allowed to hear that information if such action is allowed by law and due process.

(b) The Plaintiff is unaware of the intricacies of this issue and pleads for illumination by this Honorable Court. The Plaintiff does suggest that this issue can possibly be corrected by a clear and detailed jury charge, requiring a specific determination on each individual by the jury. The Plainitiff pleads as a pro se ligitagant that further clarity on the law is necessary if the Plaintiff is to be held to this issue by this Court.

(c) The Plaintiff is unaware of the intricacies of this issue and pleads for illumination by this Honorable Court. The Plaintiff does suggest that this issue can possibly be corrected by a clear and detailed jury charge, requiring a specific determination on each individual by the jury. The Plainitiff pleads as a pro se ligitagant that further clarity on the law is necessary if the Plaintiff is to be held to this issue by this Court.

(d) The Defendants have already plead the statutory cap and now claim that there is no limit to punative damages. Hopefully this is just an error. The Statutory cap is conceeded elsewhere, with the exception of the punative damages against the City of Auburn, Alabama. In the case of the City of Auburn, Alabama the plaintiff avers that it is an immunity and thus disallowed as cited elsewhere in this document.

(e) The standard is the statutory cap and the Alabama code section on Damages §6-10-X.

(f) The standards are violation of law, due process and civil rights. Without such a violation punative damages should not be allowed. In this case the violations of law, due process and civil rights are already documented in legal records.

(g) If the controlling theory of law requires that a different standard of proof, the Plaintiff suggests that detailed jury charge be used to intstruct the jury of this requirement. The Plaintiff suggests that the lesser standard shall still apply to the nominal damages. The Plaintiff request illumunation of this subject.

(h) Again the defendants appear to be argueing the punative damages are not allowed. Punative damages merely expand the liablility of the defendants based on the nature of the act that affords punative damages.

(i) Again the defendants appear to be argueing the punative damages are not allowed. The standard is the statutory cap and Alabama Code §6-10-20.

(j) The Plaintiff avers that standards for admission of evidence are wider in a civil matter and thus not prejudice by the introduction of punative damage information. Punative damages include reference in the treble multiple factor as instrinsically referencing this value. As such punative damage are allowed to be factored, as a matter of law, by referencing civil damages and the standards of civil evidence and such are not prejudicial. They are not vague.

(k) The standards are those of law, due process, and civil rights. The Plaintiff request the Court and defendant take notice of Alabama Code §6-11-20.

(l) Again the defendants appear to be argueing that punative damages are not allowed. The standard is the statutory cap.

(m) If the controlling theory of law requires that a different standard of proof, the Plaintiff suggests that detailed jury charge be used to intstruct the jury of this requirement. The Plaintiff suggests that the lesser standard shall still apply to the nominal damages. The Plaintiff request illumunation of this subject.

(n) Again the defendants appear to be argueing that punative damages are not allowed. The standard is the statutory cap and the Alabama code section on Damages inlcuding §6-11-20.

(o) Again the defendants appear to be argueing that punative damages are

8

not allowed. The standard is the statutory cap and the Alabama code section on Damages inlcuding §6-11-20.

36. The Plaintiffff asserts that all claims will complyt with the provisions of this code section. The Plaintiff has already requested a delay in a comprehensive evaluation of damages, and again requests that specific damage assesment to be presented to a jury be delayed until after a proper evaluation of discoverable material is possible.

37. The Plaintiff asserts that the seperation of deeds or acts into seperate counts provides clarity and detail to the wrong doing in compliance with law and due process. Again the defendants appear to be argueing that punative damages are not allowed. The standard is the statutory cap and Alabama Code §6-11-20.

38. The Plaintiff accepts that *BMW North America, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) is a reasonable standard, but insists that since any award less than the absolute dollar amount of punative damages allowed by statute is not subject to review for the excessive multiple rule as it is a clear matter of law that such damages are allowed.

39. The Plaintiff avers that the Consitution of the United States, the Constitution of the State of Alabama, and the law of Alabama all allow for such damages and that these authorities do not offer the protections that the Defendants are seeking. See the arguments in this document for greater detail on specific subject matter. The Plaintiff references a response to *BMW North America, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) is in Section 39.

40. Again the defendants appear to be argueing that punative damages are not allowed. The standard is the statutory cap. The standards are those of law, due process, and civil rights. They are not vague. The Plaintiff request the Court and defendant take notice of Alabama Code §6-11-20, and this totatity of this REPLY.

41. See all sections of the document *Supra* and Section 42 on the matter of Punative Damages.

42. Again the defendants appear to be argueing that punative damages are not allowed. The standard is the statutory cap. The standards are those of law, due process, and civil rights. They are not vague. The Plaintiff request the Court and defendant take notice of Alabama Code §6-11-20, and this totatity of this REPLY.

   a. The Plaintiff avers that Alabama Code §6-11-20, Article I of the Constitution of the State of Alabama, and the due process and equal protection clauses of the United States Constitution provide ample evidence of the States intrest in this claim.

   b. The Plaintiff agrees and noted in section 35 (a) the plaintiff wishes all safeguards to be in place for the preveservation of later criminal prosecution as long as punative damages are in the claim.

   c. The Plaintiff agrees and noted in section 35 (a) the plaintiff wishes all safeguards to be in place for the preveservation of later criminal prosecution as long as punative damages are in the claim.

   d. Again the defendants appear to be argueing that punative damages are not allowed. While previously they argue that there is no state interest in this matter, now they claim that if the state has an interest then the claim should prevent punative damages. As to the claim of third parties, the Plaintiff asserts that any damages awarded are due to the Plaintiff alone and would be dispossable under the discretion of the Plaintiff. The standard is the statutory cap. The standards are those of law, due process, and civil rights. They are not vague. The Plaintiff request the Court and defendant take notice of Alabama Code §6-11-20,

and this totatity of this REPLY.

43. The Plaintiff requests illumination on this matter. As to joint tortfeasors, the Plaintiff avers that a proper Jury charge will address the matter, making clear that a seperate decision on each fact as a matter of law, by count and by defenandant, will be undertaken properly. The Plaintiff further avers that punative damages allow for totality of illegal activity of the situation to be included in the award of punative damages.

44. The Plaintiff requests illumination on this matter. As to joint tortfeasors, the Plaintiff avers that a proper Jury charge will address the matter, making clear that a seperate decision on each fact as a matter of law, by count and by defenandant, will be undertaken properly. The Plaintiff further avers that punative damages allow for totality of illegal activity of the situation to be included in the award of punative damages.

45. The Plaintiff requests illumination on this matter. As to joint tortfeasors, the Plaintiff avers that a proper Jury charge will address the matter, making clear that a seperate decision on each fact as a matter of law, by count and by defenandant, will be undertaken properly. The Plaintiff further avers that punative damages allow for totality of illegal activity of the situation to be included in the award of punative damages.

46. The Plaintiff avers that the requirements, as required by law, of this provision will be met. It also important to note that this section only covers malice and/or intentional acts. Alabama Code §6-11-20 provides other means of recovery of punitive damages besided malice, and the plaintiff expects such mechanisms to be available in this action.

47. When the specific defenses are plead, the Plaintiff request the opportunity to REPLY, but until such time this request is moot.

48. The Plaintiff request such action be within the scope of law and due process, and reserves the right to REPLY.


I declare under penalty of perjury that the above information is true and correct.

DATE: _____January 23, 2007_____    _____
William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED

2007 JAN 24  A 9: 21

D. P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II<br>plaintiff, pro se<br><br>v.<br><br>the CITY OF AUBURN, ALABAMA<br>unnamed police DISPATCHER<br>deputy director BENJAMIN WALKER<br>Officer LAVARRO BEAN<br>Lieutenant MATTHEWS<br>Lieutenant KEITH HOWELL<br>Chief FRANK DEGRAFFENRIED<br>DAVID WATKINS<br>director "BILL" JAMES<br>City Manager CHARLES DUGGAN | CIVIL ACTION NO. 3:06cv1014-MEF<br><br>**DEMAND FOR JURY TRIAL** |

## NOTICE OF SERVICE

I have served the following documents:
REPLY TO ANSWER
FIRST MOTION FOR CORRECTIVE ACTION

upon the following by certified mail:

Randall Morgan

Hill, Hill, Carter, Franco, Cole & Black, P.C.
P.O.Box 116
Montgomery, Alabama 36101-0116

I declare under penalty of perjury that the above information is true and correct.

DATE: _____January 23, 2007_____

_____
William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175