IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED

2007 JAN 24 A 9: 21

. . A P. HACKETT, CL.
. . DISTRICT COURT
. . DDLE DISTRICT ALA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II ) <br> plaintiff, pro se ) <br> ) <br> v. ) <br> ) <br> the CITY OF AUBURN, ALABAMA ) <br> unnamed police DISPATCHER ) <br> deputy director BENJAMIN WALKER ) <br> Officer LAVARRO BEAN ) <br> Lieutenant MATTHEWS ) <br> Lieutenant KEITH HOWELL ) <br> Chief FRANK DEGRAFFENRIED ) <br> DAVID WATKINS ) <br> director "BILL" JAMES ) <br> City Manager CHARLES DUGGAN ) <br> ) | CIVIL ACTION NO. 3:06cv1014-MEF <br><br> **DEMAND FOR JURY TRIAL** |

## FIRST MOTION FOR CORRECTIVE ACTION

The Plaintiff William S. McLaurine, II comes before this Honorable Court with this OMNIBUS MOTION for the following items be addressed to correct proceedural and/or substantive matters.

[1]  In the REPLY of January 4, 2007 the Defendant City of Auburn, Alabama, did not provide information as to the indentification of the "unnamed Police Dispatcher." The Plaintiff MOVES that the City of Auburn, Alabama be compelled to divulge the indentity and contact information of this individual, forthwith so that SERVICE can be completed.

[2]  The Plaintiff as come into information on the locations of defendant David Watkins. The Plaintiff has been informed that the David Watkins is now the City Manager of the City of Bryan, Texas. The office of the City Manager of Bryan, has informed the Plaintiff that David Watkins can be served at his office or by mail (if service by mail is allowed in this matter by this Court.) The addresses provided are as follows: 300 South Texas Avenue, Bryan, Texas, 77803; and P.O. Box 1000, Bryan, Texas, 77805.
The Plaintiff MOVES that service be attempted at these addresses.

[3]  The Plaintiff MOVES that clarity specificit on the subject of origin, source, amount, and assignment of damages not be required until the Plaintiff has been presented with and had time to review all replies and presentments of all defendants. If this court rules that such a REPLY is neccesarry at any time the Plaintiff MOVES that the Plaintiff be afforded the time and opportunity to REPLY.

[4]  In the REPLY TO AFFIRMATIVE DEFENSES section a request(s) are made for

1

clarity. This court has already ruled that More Defenition is required, and the Plaintiff replied. The result was this court allowed the matter to go forward. The Plaintiff MOVES that this court rule what specifically is needed and the time and/or resources to complete the neccesary REPLY, in item 3 or any other item of the REPLY TO ANSWER provide by some defendants.

[5]    In the REPLY TO ANSWER request that illumination or clarity. Where this requests exist the Plaintiff MOVES that the Court provide help in determining the nature of proceedural requirements if the specific item upon which illumination is bar upon proceedural grounds.

I declare under penalty of perjury that the above information is true and correct.

DATE:     January 23, 2007        _____
                                    William S. McLaurine, II
                                    222 Tichenor Avenue #4
                                    Auburn, Alabama 36830
                                    (334) 524-2175