IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II )<br>    plaintiff, pro se )<br> )<br>v. )<br> )<br>the CITY OF AUBURN, ALABAMA )<br>unnamed police DISPATCHER )<br>deputy director BENJAMIN WALKER )<br>Officer LAVARRO BEAN )<br>Lieutenant MATTHEWS )<br>Lieutenant KEITH HOWELL )<br>Chief FRANK DEGRAFFENRIED )<br>DAVID WATKINS )<br>director "BILL" JAMES )<br>City Manager CHARLES DUGGAN )<br> ) | CIVIL ACTION NO. 3:06cv1014-MEF<br><br>**DEMAND FOR JURY TRIAL** |

## REPLY TO MOTION TO DISMISS

   This is the REPLY that was ORDERED by this Honorable Court in response to the MOTION TO DISMISS filed the Defendants.  The Plaintiff disagrees that such a dismissal is allowable at this time, except in the limited manner desribed in section 1 below addressing the issue of Charles Duggan.

   [1]   The Plaintiff served Charles Duggan as the chief executive officer of the City of Auburn, Alabama.   Whereas Claim [4] of the EXTENDED COMPLAINT requests injuncitive relief, the Plaintiff felt it was necessary to serve Charles Duggan.  If the court finds that such service is not necessary to effectuate the claim(s), then the Plaintiff requests that such name be removed the complaint at this time.  The Plainitff maintains that Charles Duggan is liable for other actions that have not yet been filed yet and maintains the right to bring a COMPLAINT at a latter time against Charles Duggan.  See reply item [3] below for a further description of Charles Duggan liability as it relates to ratification as to whether he should be included in the EXTENDED COMPLAINT.

   [2]   The Plaintiff apologizes for for this mistake.  Defendant Benjamin Walker should have been included in Damages for Count [2] for failure to train and supervise the unamed police dispatcher.  A such liability should be apportioned as follows: Benjamin Walker (2.5%), Chief Frank Degraffenried (15.83%), director "Bill" James (15.83%), David Watkins (15.83%) and the City of Auburn, Alabama (50%).  The Plaintiff reserves the right to adjust such values later, as referenced elsewhere in other documents in this proceeding, and if such action is allowable by the this court.  Please see the SECOND MOTION FOR CORRECTIVE ACTION on this matter.

[3]     The Plaintiff will demonstrate that the actions of the agents of the city of Auburn, are consistent with policies and practices of the City of Auburn and are not "vicarious." The Plainitiff asserts that such action is only limited by Alabama Code §6-11-27. The Plainitiff is not aware of any punative measures taken against the Defendants for their actions, and as such demonstrates a "ratification" of the action(s) by the Defendants. The argument in court by the City Prosecutors indicates that such action was "authorized" and/or "ratified" is clear. The fact that the Plaintiff had complained of this type of unreasonable search and siezure before gives a clear indication that the Defendants had the opportunity and the duty to give "proper instruction" on this manner and did not. This is an affirmative defense and it the burden is upon the Defendants to provide information necessary to assert this defense.
    Charles Duggan eventually met with the Plaintiff to discuss certain matters in 2006. The Plaintiff raised the issue of unlawful search and seizure. His response was, "let's see what the judge says." This is a ratification of such action.

[4]     In the Previous FIRST MOTION FOR CORRECTIVE ACTION the Plaintiff has provided new contact information for David Watkins to correct the service issues. The Plaintiff Pleads that this issue, in conjuntion with SECOND MOTION FOR CORRECTIVE ACTION, should be resolved by such information and the conclusion of service on behalf of the Plaintiff.


I declare under penalty of perjury that the above information is true and correct.

DATE:     January 26, 2007

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175