IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM S. McLAURINE II,           )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     CIVIL ACTION NO. 3:06CV1014-MEF
                                   )              (WO)
CITY OF AUBURN, ALABAMA, et al.,   )
                                   )
            Defendants.            )

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff William S. McLaurine, II, proceeding *pro se*, brings this action against the City of Auburn, David Watkins (Auburn's former City Manager), Charles Duggan (Auburn's present City Manager), Benjamin Walker (Deputy Director of the police department) and various other officials and employees of the Auburn police department. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and state law arising from plaintiff's arrest in November 2004. This action is presently before the court on the motion to dismiss filed by defendants on January 4, 2007 (Doc. # 19).

Defendant Duggan asserts that he should be dismissed because the complaint makes no allegations of wrongdoing on his part and does not request any relief from him. Plaintiff responds that he included Duggan in the complaint only "as the chief executive officer of the City of Auburn" and only for purposes of injunctive relief, should he be granted such relief. Thus, he sues Duggan in his official capacity. Under these circumstances, allegations of personal wrongdoing by Duggan are not necessary, and the motion to dismiss is due to be denied as to defendant Duggan. Cf. Longmire v. Alabama State University, 151 F.R.D. 414

(M.D. Ala. 1992)(defendants who successfully litigated a qualified immunity defense remained in case as official-capacity defendants for purposes of injunctive relief).

Defendant Walker asserts that plaintiff's claim against him should be dismissed because the complaint seeks no relief from him. By "motion for corrective action" filed on January 29, 2007 – and granted by order entered on January 31, 2007 – plaintiff amended his complaint to clarify that he seeks relief from Walker pursuant to Count II of the complaint. Thus, the motion to dismiss as to defendant Walker is due to be denied as moot.

Defendant Watkins asserts that he is entitled to dismissal because he is no longer City Manager of Auburn, no longer resides in Auburn, and purported service of process of process was improper. However, by "motion for corrective action" filed on January 24, 2007, plaintiff advised the court of a new address for defendant Watkins in Bryan, Texas. By order entered January 26, 2007, the court directed the Clerk to serve Watkins with the summons and complaint at the new address provided by plaintiff. Thus, the motion to dismiss on the basis of ineffective service of process on Watkins is due to be denied without prejudice.[1]

Count III of the amended complaint asserts an equal protection claim against defendants Officer Lavarro Bean and the City of Auburn. Plaintiff alleges that "The CITY OF AUBURN, ALABAMA is made liable through the MASTER AGENT tort." (Doc. # 5, Amended Complaint, p. 5). Defendant argues that this claim is due to be dismissed as to defendant City of Auburn because it is well-established that a municipality cannot be held

---

[1] Should this subsequent service be insufficient, Watkins may renew his motion.

liable on a § 1983 claim on the basis of vicarious liability. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978)("Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Plaintiff responds that he "will demonstrate that the actions of the agents of the city of Auburn, are consistent with policies and practices of the City of Auburn and are not 'vicarious.'" (Doc. # 28, p. 2). In view of plaintiff's *pro se* status, the court construes plaintiff's response to the motion to dismiss to include a motion to amend Count III to allege that the actions of defendant Bean were "consistent with policies and practices of the City of Auburn."[2] By this order, the court will grant the motion. Accordingly, the City's motion to dismiss Count III is moot.

For the foregoing reasons, it is

ORDERED that plaintiff's motion for leave to amend Count III of the amended complaint to include an allegation that defendant Bean's actions were consistent with the policies and practices of the City of Auburn (included within Doc. # 28, as construed by the court) is hereby GRANTED.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that defendants' motion to dismiss be DENIED as to the claims against defendants Duggan, Walker and the City of Auburn, and DENIED without prejudice as to plaintiff's claim against defendant

---

[2] Since plaintiff has asserted in a pleading before this court that he will demonstrate that Bean's actions were consistent with the City's policies and practices, it makes little sense to dismiss Count III without prejudice as to the City, as the court would then be required to permit an amendment to allow addition of this assertion in an amended complaint.

Watkins.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before February 15, 2007.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of February, 2007.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

4