IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. MCLAURINE, II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 3:06-cv-1014-MEF |
| CITY OF AUBURN, ALABAMA, | ) | |
| unnamed police DISPATCHER | ) | |
| deputy director BENJAMIN WALKER, | ) | |
| Officer LAVARRO BEAN, | ) | |
| Lieutenant MATTHEWS, Lieutenant | ) | |
| KEITH HOWELL, Chief FRANK | ) | |
| DEGRAFFENRIED, DAVID WATKINS, | ) | |
| director "BILL" JAMES, and city | ) | |
| manager CHARLES DUGGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DAVID WATKINS

**COMES NOW** Defendant David Watkins and herewith gives answer as follows
to Plaintiff's Amended Complaint:

1.    This Defendant on information and belief admits the allegations of
paragraph 1.

2.    In response to paragraph 2, this Defendant denies he is currently
employed with the City of Auburn and denies he resides in Auburn, Alabama.

3.    This Defendant denies the allegations of paragraph 3.

4.    This Defendant denies the allegations of paragraph 4.

5.    In response to paragraphs 5 (1)-5(4), this Defendant was not present but
admits Plaintiff refused to respond to the lawful request by Officer Bean and superiors

1

and that Plaintiff was arrested for and has since been convicted for Obstructing Governmental Operations. Otherwise, this Defendant denies the allegations of paragraphs 5 (1)-5(4).

## **AFFIRMATIVE DEFENSES**

1.      This Defendant denies all allegations of the Amended Complaint not specifically admitted herein.

2.      This Defendant pleads the general issue.

3.      This Defendant avers the Amended Complaint and each count fails to state a cause of action entitling Plaintiff to relief.

4.      This Defendant avers the allegations of the Amended Complaint fail to rise to the level to constitute deprivation

5.      This Defendant avers he cannot be liable for any alleged constitutional violation on the basis of master agent liability or *respondeat superior*.

6.      This Defendant avers that no alleged policy, practice, custom allegedly resulted in the alleged unconstitutional arrest of the Plaintiff.

7.      This Defendant pleads probable cause.

8.      This Defendant pleads legal justification.

9.      This Defendant pleads privilege.

10.     This Defendant pleads consent.

11.     This Defendant pleads contributory negligence.

12.     This Defendant pleads assumption of the risk.

13.     This Defendant avers that the Plaintiff's own actions and/or inactions caused any alleged damages.

2

14.    This Defendant pleads res judicata.

15.    This Defendant pleads collateral estoppel.

16.    This Defendant pleads issue preclusion.

17.    This Defendant avers Plaintiff has been convicted of the crime of Obstructing Governmental Operations which as a matter of law conclusively establishes probable cause.

18.    This Defendant pleads plead immunity.

19.    This Defendant pleads substantive immunity.

20.    This Defendant pleads state agent immunity.

21.    This Defendant pleads discretionary function immunity.

22.    This Defendant pleads immunity pursuant to §6-5-338 Code of Alabama, 1975.

23.    This Defendant pleads qualified immunity.

24.    This Defendant pleads good faith.

25.    This Defendant avers all actions were taken based on the reasonable appearance of the events.

26.    This Defendant avers there exists a reasonable and rational reason for all actions taken.

27.    This Defendant avers service as to him is improper and pleads insufficiency of process and insufficiency of service of process.

28.    As to all state law claims this Defendant pleads the statutory cap applicable to any damage claims.

29.    This Defendant avers Plaintiff failed to comply with the prerequisite notice

3

requirements for suit.

30.    This Defendant pleads the statute of limitations.

31.    To the extent if any that the Plaintiff claims punitive damages, this Defendant avers he is immune and not subject to punitive damages.

32.    This Defendants aver punitive damages are not recoverable against him.

33.    To the extent that the Plaintiff seeks punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

34.    The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering.  The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

a.    It fails to provide a reasonable limit on the amount of the award

against the Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

b.    It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

c.    It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

d.    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

35.    The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendants is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

36.    The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)    That civil procedures pursuant to which punitive damages are

5

awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants.

(e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I)    That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)    That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

6

(k)     That standards of conduct upon which punitive damages are awarded are vague.

(l)     That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

37.     This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

38.     To the extent Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution.  In addition, such an award would infringe upon the Defendants' right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

39.     With respect to Plaintiff's demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

40.     This Defendant contends Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against Defendants, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States.  Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

41.     Plaintiff's recovery of punitive damages violates provisions of the United States and Alabama Constitution including but not limited to the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 1, 6, 10, and other provisions of the Constitution of Alabama.

42.     This Defendant pleads the statutory cap applicable to all claims for and/or recovery of punitive damages.

43.     This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

        a.    <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

        b.    <u>Sixth Amendment to the Constitution of the United States</u>:

8

Punitive damages are penal and nature and, consequently, the defendants are entitled to the dame procedural safeguards accorded to criminal Defendants.

c.    <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the Defendantss that are penal and nature, yet compel the to disclose potentially incriminating documents and evidence.

d.    <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the Defendantss were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

44.    These Defendants aver that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish Defendant for the conduct of others in violation of Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

45.    This Defendant avers given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would subject Defendant to excessive fines in violation of the Eighth Amendment of the United States Constitution and Defendant due process rights.

46.    This Defendant avers that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish Defendant for the conduct of others in violation of Defendant due process rights and Article I, § § 1 and 13 of the Alabama Constitution.

47.    This Defendant pleads as a bar from the recovery of punitive damages

6-11-27, *Code of Alabama, 1975.*

48.    This Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against him in the complaint.

49.    This Defendant reserves the right to supplement his answer and amended answer by adding thereto any additional defense which may be necessary and appropriate.


/s/    *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney for Defendant David Watkins


OF COUNSEL:
Hill, Hill, Carter, Franco, Cole
        & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600 - Telephone
(334) 263-5969 - Facsimile


## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of February, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

William S. McLaurine, II
222 Tichenor Avenue, Apt. #4
Auburn, Alabama 36830


/s/    *Randall Morgan*
OF COUNSEL

10