IN THE UNITED STATES DISTRICT COURT FOR THE RECEIVED
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

2007 FEB 27 A 9: 36

| | | |
|---|---|---|
| WILLIAM S. MCLAURINE, II<br>plaintiff, pro se | )<br>)<br>) | |
| v. | )<br>) | |
| the CITY OF AUBURN, ALABAMA<br>unnamed police DISPATCHER<br>deputy director BENJAMIN WALKER<br>Officer LAVARRO BEAN<br>Lieutenant MATTHEWS<br>Lieutenant KEITH HOWELL<br>Chief FRANK DEGRAFFENRIED<br>DAVID WATKINS<br>director "BILL" JAMES<br>City Manager CHARLES DUGGAN | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:06cv1014-MEF<br><br>**DEMAND FOR JURY TRIAL** |

## MOTION TO AMEND COMPLAINT

The Plaintiff comes before this court with a MOTION TO AMEND COMPLAINT. The Plaintiff seeks to add two (2) additional counts to the amended complaint and add the additional defendents to the Complaint.

The Plaintiff seeks the AMENDMENT to the COMPLAINT and/or the previously filed AMENDED COMPLAINT by the mechanisms of the accompanying EXTENDED COMPLAINT . The Plaintiff acknowledges the request that all such amendments such be made at one time, but the Defendants have not responded with name of the "unamed dispatcher" at this time.

The Plaintiff further MOVES that all service be performed in this matter on behalf of the Plaintiff as the Plaintiff has been granted IN FORMA PAUPERIS in this matter.

I declare under penalty of perjury that the above information is true and correct.

DATE:    February 26, 2006                    _____
                                              William S. McLaurine, II
                                              222 Tichenor Avenue #4
                                              Auburn, Alabama 36830
                                              (334) 524-2175

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2007 FEB 27  A 9: 36

...A P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM S. MCLAURINE, II )
   plaintiff, pro se )
)
v. )
)
the CITY OF AUBURN, ALABAMA )
unnamed police DISPATCHER )  CIVIL ACTION NO. 3:06cv1014-MEF
deputy director BENJAMIN WALKER )
Officer LAVARRO BEAN )
Lieutenant MATTHEWS )  **DEMAND FOR JURY TRIAL**
Lieutenant KEITH HOWELL )
Chief FRANK DEGRAFFENRIED )
DAVID WATKINS )
director "BILL" JAMES )
City Manager CHARLES DUGGAN )
Judge "JOE" S. BAILEY )
Risk Manager D'ARCY WERNETTE )
attorney MATTHEW WHITE )
attorney PHIL THOMPSON )
Judge JOHN V. DENSON, II )
Mayor BILL HAM )
)

## EXTENDED COMPLAINT

    The Plaintiff comes to amend the COMPLAINT and/or AMENDED COMPLAINT to include the new defendants and/or new counts related to this matter. The information for this action is provided below. The number system is intended to correlate with previous documents of COMPLAINT.

2.    Name and address of new defendants: Rick Davidson is named as a new defendant. Three address will be provided for Rick Davidson. The first is Adams, Umbach, White and Davidson; Walker Building, 205 South Ninth Street, Opelika, Alabama, 36801. The Second is Adams, Umbach, White and Davidson, P.O. Box 2069, Opelika, Alabama, 36803. The Third is Judicial Department; City of Auburn, Alabama; 141 North Ross, Auburn, Alabama, 36830.
    Matthew White is named as a new defendant. Three address will be provided for Matthew White. The first is Adams, Umbach, White and Davidson; Walker Building, 205 South Ninth Street, Opelika, Alabama, 36801. The Second is Adams, Umbach, White and Davidson, P.O. Box 2069, Opelika, Alabama, 36803. The Third is Judicial Department; City of Auburn, Alabama; 141 North Ross, Auburn, Alabama, 36830.
    Judge Joe Bailey is named as a new defendant. The address for this defendant is Judicial Department; City of Auburn, Alabama; 141 North Ross, Auburn, Alabama, 36830.

1

      D'Arcy Wernette is named as a new defendant. D'Arcy Wernette is employed by the City of Auburn as a Risk Manager. The address for this defendant is assumed to be Department of Human Resources, 130 Tichenor Avenue, Auburn, Alabama.

      Judge John V. Denson, II, is a circuit court for the State of Alabama in Lee County. The address for this defendant is Office of Judge John V. Denson,II; 2311 Gateway Drive, Opelika, Alabama, 36801.

      Phil Thompson is named as a new defendant. The address of Phil Thompson is Haygood, Cleveland, Pierce, Mattson, & Thompson, 611 East Glenn Avenue, Auburn, Alabama, 36830.

      Mayor Bill Ham is named as a new defendant. The Address for Mayor Bill Ham is 1846 Hayden Avenue, Auburn, Alabama, 36830.

3.     New Places of alledge violations: Municipal Court, Auburn, Alabama; Offices of Adams, Umbach, White and Davidson on Tichenor Street, Auburn, Alabama; Auburn Municipal Complex, Police Station, 141 North Ross Street, Auburn, Alabama.

4.     New Date(s) of Alledge Violations: Begin in February of 2005 and continuing to the current date.

5.     State the facts on which you believe base your allegation that your constitutional rights have been violated: This court has previously mentioned that this action is persued as a civil rights violation under title 42 §1983. These actions are also is actionable as a federalization of state tort law for false arrest, malicious prosecution, and/or negligence. In addition the plaintiff would like to add the violation of the Ninth Amendment as a pleading in all counts in this case.

The Plaintiff presents the following new counts as related to the previous counts.

[5]     The City of Auburn, through its agents, and with the assistance of Judge John V. Denson, II has prosecuted the Plaintiff in this case in a manner that is illegal, malicious and/or oppressive. The criminal prosecution of William S. McLaurine in both Municipal and Circuit Court was without legal merit and prosecuted to secure a mechanism of civil defense for the City of Auburn, Alabama and its agents, and/or to intimidate the Plaintiff from secure a redress of greivances, and/or to cover up illegal actions of the City of Auburn and/or its agents. The cover up is alledged to include but not limited to false arrest and racial discrimination. The following is list of specific actions that violated the due process and civil rights of the Plaintiff, as a criminal defendant.

    a.     During the Municipal Trial in 2005, Rick Davidson made a request to delay the trial so that he could be present to prosecute the trial. This action was taken before the Plaintiff, as criminal defendant, had a first appearance for purposes of a criminal trial. When the defendant finally did appear it was in the afternoon session. This mechanism allowed the use a prosecutor against William McLaurine in violation of due process of the Municipal Court that states, "if you do not use a lawyer, one wont be used against you." This illegal action was initiated by Rick Davidson and allowed by Judge Joe Bailey. It should be noted that this violation occurred because the phrase "if you do not use a lawyer, one wont be used against you" was not given to the Plaintiff, as criminal defendant. Such action is a proceedural violation of adminstrative nature on behalf of Judge Joe Bailey and Rick Davidson. This

2

action is therefore, not subject to judicial immunity or qualified immunity. This is also an equal protection violation.

    b.    During the Municipal Trial, Prosecutor Rick Davidson objected to a line of questioning about the mechanisms of oberservation the Officer Lavarro Bean used in determining reasonable suspcion and/or probable cause. Rick Davidson objected that such questions were for a civil action and should not be allowed. Judge Bailey agreed and prevented the question. This violated the right to question accusers of Plaintiff, as criminal defendant. The basis of objection as a civil action is a violation of due process not subject to Judicial immunity in the state of Alabama because of its exemption from the general powers of government.

    c.    During the First Municipal Trial, The Plaintiff attempted to contact Chief DeGraffenried, and the mayor of Auburn Bill Ham. When the Plaintiff requested to meet with the mayor, the Plaintiff was required to meet with D'Arcy Wernette in order to meet with the mayor. Rick Davdison interfered by using a letter stating that no contact should be made to chief DeGraffenreid and D'Arcy Wernette and/or the mayor. D'Arcy Wernette refused to return the phone calls of the Plaintiff and the Plaintiff was not able to meet with the mayor. Rick Davidson offered to meet with the Plaintiff to discuss the matter. Rick Davidson and Darcy Wernette violated the Plaintiff's rights to equal protection under the law, due process, right to petition for greivances, and right against self incrimination.

    d.    During the Circuit Court Case, Phil Thompson was apppionted as defense counsel by Judge John V. Denson, II, upon the request of Matthew White and Rick Davidson. All three where aware of a potential lawsuit by William McLaurine, against the City of Auburn, Alabama. Either Matthew White or Rick Davidson informed the Court that Phil Thompson was under contract to perform defense counsel services for Cases involving the city of Auburn, Alabama. This represented a known conflict of interest, and hence a violation of the right to adequate counsel.

    e.    Phil Thompson refused to meet with the Plaintiff prior to appearing on behalf of the Plaintiff as criminal defendant. After the arraignment, Phil Thompson met with William McLaurine. Phil Thompson said he had negoitated a plea deal, in whichl if William McLaurine signed a "civil release" against the city, the then charges would be dropped. The deal was later confirmed by Prosecutor Mathew White. Judge Denson later refered to this deal at a sentencing. This offer or "deal" was illegal and a violation of due process and equal protection of the law. When William McLaurine rejected this deal, Phil Thompson, refused to discuss the case with William McLaurine. Thompson used angry and menacing tones. Telling the Plaintiff that he would not help the the Plaintiff get up on "your soapbox." Thompson said he was going to request that the judge release him from defending William McLaurine. This hearing would have been conducted by Judge John V. Denson. The Plaintiff was not present at such a hearing, and such is a violation of due process under the rules of Criminal proceedure of the State of Alabama. Phil Thompson later told the Plaintiff that the Judge had refused the request to allow Phil Thompson to withdraw. Phil Thompson had a multiple conflicts of interst and refused to provide an adequate defense for the William McLaurine as criminal defendant. These actions violate the right to adequate counsel and to due process.

    f.    At the next appearance following arraignment, Phil Thompson interfered with William McLaurine's right to address the court as a criminal defendant. This action violates due process and equal protection under the law.

    g.    After repeated attempts by Phil Thompson to interfer with the defense of William

3

McLaurine, the Plaintiff decided to proceed pro se. At the Status Conference concerning pro se status Judge John V. Denson revoked the indigent status of William McLaurine. This action was taken without motion from defense counsel, William McLaurine, or from the Prosecutor. This action had the effect of denying the defendant counsel. Such action is by it nature is accusatory, without merit and illegal, and such is not subject to judicial immunity and/or qualified immunity.

  h. Judge John V. Denson, II allowed the delayed the criminal trial in circuit court, three times. Each time was without merit. The third time was a delay, so that the prosecution could subpeona a witness to establish reasonalbe suspicion and probable cause. By its very nature, such action is without merit. These actions are violations of the right to a speedy trial and/or due process. They are exempt from Judicial immunity under Alabama's constitution.

  i. Rick Davidson played and audio file of the Dispatcher at the Municipal Trial, without providing it in discovery. The file indicated that the person who identified themselves as "Ron" was believed by the dispatcher to be using a fake name. This tape was requested in discovery but Prosecutor Mathew White refused to present it. The Plaintiff, as criminal defendant, also wanted to examine the video evidence in its native format of S-video. The Plaintiff was refused access to examine the evidence by Mathew White. This action violates due process, the rules of criminal procedure and/or equal protections of the law.

  j. During the circuit court trial Judge John V. Denson, II refuse to allow the Plaintiff as criminal defendant to address the jury on the nature of the Plaintiff's understanding of the law. This was a critical element of the establishing intent in the case. This prohibition was a violation of due process and equal protection of the laws. Such action is not subject to judicial immunity.

  k. During the cross examination, the Prosecutor, Mathew White, asked a leading question. Mathew White wanted William McLaurine to agree that the Police were only asking for a "name." Mathew White was aware of the testimony of the police officer's in this matter, and knew the premise of only asking for a name instead of a name, identification, and an explanation of what William McLaurine was doing in the area was contrary to fact. This action is subjornation of perjury. It further demonstrates that Mathew White was aware of the most recent ruling of the United States Supreme Court, invalidating the case brought on behalf of the City of Auburn, Alabama. The attempt to change the stated facts to assist in meeting the legal standard requirements neccesarry for a conviction to stand indicates that Mathew White believed he lacked the evidence to convict, but proceeding with the prosecution anyway. This is a violation of due process and equal protection of the law.

  l. During the sentencing phase of the Circiut Court Trial, Judge John V. Denson indicated that the Plaintiff's attempt to seek redress in a Civil lawsuit was inappropriate and possibly a factor in determining sentence. Such action violates the Plaintiff's right to petion for greivances. It also demonstrates a bias, that the judge should have addressed earlier in the trial, requiring him to recuse himself. The Plaintiff was sentenced to 90 days suspended sentence with one year unsupervised probation. Such a sentence was structured to inhibit the Plaintiff from excercising his civil rights, including the right to remain silent and/or not cooperate with an a police investigation without facing immediate jail time. These actions are not subject to protection by judicial immunity.

  m. Prior to the Trial in Circuit Court, William Mclaurine was able to gain access to Charles Duggan, as city manager. William McLaurine brought up the issue of unreasonable search and seizure as on ongoing problem for the police. Charles Duggan indicated that we should "...see what the Judge says." Charles Duggan has not taken any action to correct the

4

problem of unreasonable search and seizure to the knowledge of William McLaurine. This Lack of action is a violation of equal protection of the law.

Rick Davidson, D'Arcy Wernette, Matthew White, Phil Thompson, Judge Joe Bailey, and Charles Duggan are agents for the CITY OF AUBURN, ALABAMA. David Watkins served as City Manager During parts of these events and during that time is considered to be an agent of the City of Auburn Alabama.

The Plaintiff maintains that the actions describe in this count constitute the tort of MALICIOUS PROSECUTION. The CITY OF AUBURN, ALABAMA is made liable through the MASTER AGENT tort for the actions of all agents except Judge John V. Denson, II, and that such actions are recoverable in this honorable court as a violation of civil rights .

The relief sought is monetary damages. Such actions included damages at law and/or equity, and/or punative damages. A JURY TRIAL is requested for this count. The Monetary Damages for this count are in excess of $200,000,000.00 (Two Hundred million dollars). The Plaintiff reserves the right to raise this value as more information is made available.

The defendants who are named LIABLE (and estimated percentages of liability in this count) are Rick Davidson (10%), D'Arcy Wernette (2.5%), Chief DeGraffenried (2.5%), Matthew White(10%), Phil Thompson(10%), Judge Joe Bailey(5%), Charles Duggan(15%) David Watkins (5%) and the CITY OF AUBURN, ALABAMA(40%).

[6]     This actions for the Tort of Negligence for failure to train and/or supervise within the Judicial Department of the City of Auburn, Alabama. The following items are list in support of this accusation.

    a.     During the Municipal Trial in 2005, Rick Davidson made a request to delay the trial so that he could be present to prosecute the trial. This action was taken before the Plaintiff, as criminal defendant, had a first appearance for purposes of a criminal trial. When the defendant finally did appear it was in the afternoon session. This mechanism allowed the use a prosecutor against William McLaurine in violation of due process of the Municipal Court that states, "if you do not use a lawyer, one wont be used against you." This illegal action was initiated by Rick Davidson and Allowed by Judge Joe Bailey. It should be noted that this violation occurred because the phrase "if you do not use a lawyer, one wont be used against you" was not given to the Plaintiff, as criminal defendant. Such action is a proceedural violation of adminstrative nature on behalf of Judge Joe Bailey and therefore, not subject to judicial immunity. This is also an equal protection violation.

    b.     During the Municipal Trial, Prosecutor Rick Davidson objected to a line of questioning about the mechanisms of oberservation the Officer Lavarro Bean used in determining reasonable suspcion and/or probable cause. Rick Davidson objected that such questions were for a civil action and should not be allowed. Judge Bailey agreed and prevented the question. This violated the right to question accusers of Plaintiff, as criminal defendant. The basis of objection as a civil action is a violation of due process not subject to Judicial immunity in the state of Alabama because of its exemption from the general powers of government.

    c.     During the First Municipal Trial, The Plaintiff attempted to contact Chief DeGraffenried, and the mayor of Auburn Bill Ham. When the Plaintiff requested to meet with the mayor, the Plaintiff was required to meet with D'Arcy Wernette in order to meet with the mayor. Rick Davdison interfered by using a letter stating that no contact should be made to the chief DeGraffenreid and D'Arcy Wernette and/or the mayor. D'Arcy Wernette refused to

return the phone calls of the Plaintiff and the Plaintiff was not able to meet with the mayor. Rick Davidson and Darcy Wernette violated the Plaintiff's rights to equal protection under the law, due process, right to petition for greivances, and right against self incrimination.

    d.    During the Circuit Court Case, Philip Thompson was apppionted as defense counsel by Judge John V. Denson, II, upon the request of Matthew White and Rick Davidson. All three where aware of a potential lawsuit by William McLaurine, agains the City of Auburn, Alabama. Either Matthew White or Rick Davidson informed the Court that Phil Thompson was under contract to perform defense counsel services for Cases involving the city of Auburn, Alabama. This represented a known conflict of interest, and hence a violation of the right to adequate counsel.

    e.    Phil Thompson refused to meet with the Plaintiff prior to appearing on behalf of the Plaintiff as criminal defendant. After the arraingment, Phil Thompson met with William McLaurine. Phil Thompson said he had negoitated a plea deal, in whichl if William McLaurine signed a "civil release" against the city, the then charges would be dropped. The deal was later confirmed by Prosecutor Mathew White. Judge Denson Latter refered to this deal at a sentencing. This offer or "deal" was illegal and a violation of due process and equal protection of the law. When William McLaurine rejected this deal, Phil Thompson, refused to discuss the case with William McLaurine. Thompson used angry and menacing tones. Telling the Plaintiff that he would not help the the Plaintiff get up on "your soapbox." Thompson said he was going to request that the judge release him from defending William McLaurine. This hearing would have been conducted by Judge John V. Denson. The Plaintiff was not present at such a hearing, and such is a violation of due process under the rules of Criminal proceedure of the State of Alabama. Phil Thompson later told the Plaintiff that the Judge had refused the request to allow Phil Thompson to withdraw. Phil Thompson had a multiple conflicts of interst and refused to provide an adequate defense for the William McLaurine as criminal defendant. These actions violate the right to adequate counsel and to due process.

    f.    At the next appearance following arraingment, Phil Thompson interfered with William McLaurine's right to address the court as a criminal defendant. This action violates due process and equal protection under the law.

    g.    Rick Davidson played and audio file of the Dispatcher at the Municipal Trial, without providing it in discovery. The file indicated that the person who identified themselves as "Ron" was believed by the dispatcher to be using a fake name. This tape was requested in discovery but Prosecutor Mathew White refused to present it. The Plaintiff, as criminal defendant, also wanted to examine the video evidence in its native format of S-video. The Plaintiff was refused access to examine the evidence by Mathew White. This action violates due process, the rules of criminal procedure and/or equal protections of the law.

    h.    During the trial Judge John V. Denson, II refuse to allow the Plaintiff as criminal defendant to address the jury on the nature of the Plaintiff's understanding of the law. This was a critical element of the establishing intent in the case. This prohibition was a violation of due process and equal protection of the laws. Such action is not subject to judicial immunity.

    i.    During the cross examination, the Prosecutor, Mathew White, asked a leading question. Mathew White wanted William McLaurine to agree that the Police were only asking for a "name." Mathew White was aware of the testimony of the police officer's in this matter, and knew the premise of only asking for a name instead of a name, identification, and an explanation of what William McLaurine was doing in the area was contrary to fact. This action is subjornation of perjury. It further demonstrates that Mathew White was aware of the most

recent ruling of the United States Supreme Court, invalidating the case brought on behalf of the City of Auburn, Alabama. The attempt to change the stated facts to assist in meeting the legal standard requirements neccesarry for a conviction to stand indicates that Mathew White believed he lacked the evidence to convict, but proceeding with the prosecution anyway. This is a violation of due process and equal protection of the law.

    k.    Mayor Bill Ham is charge by Alabama state law to be on the committee which help chooses who will be selected as appointed defense counsel for the city of Auburn, Alabama. The Plaintiff alledges that Mayor Ham was negligent in his duties to properly

    l.    Judge Joe Bailey is the Court Administrator, who is hired by the City Manager. His role as Municipal Judge is a seperate set of functions from administrative duties. Judicial immunity does not apply to these administrative functions. Judge Bailey was/is responsible for for supervision of the Judicial Department. This includes all actions of prosecutors Mathew White and Rick Davidson. This may include all actions of attorney Phil Thompson. Mayor Bill Ham is charge by Alabama state law to be on the committee which help chooses who will be selected as defense counsel.

    The relief sought is monetary damages. Such actions allow for punative damages. A JURY TRIAL is requested for this count. The Monetary Damages for this count are 500,000.00 (Five Hundred Thousand dollars).

    The defendants who are named LIABLE (and estimated percentages of liability in this count) are Judge Joe Bailey (70%), Mayor Bil Ham (5%), Charles Duggan(15%) and David Watkins (5%).

I declare under penalty of perjury that the above information is true and correct.

DATE: _____February 26, 2006_____

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175

7