IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. MCLAURINE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06CV1014-MEF |
| | ) | (WO) |
| CITY OF AUBURN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is presently before the court on plaintiff's motion for compulsory

discovery (Doc. # 43).  Plaintiff seeks an order compelling the City to produce the name and

address of the "unnamed police dispatcher."   Plaintiff has not provided the court with

evidence that he has previously propounded discovery seeking this information, and has not

provided the court with the text of or a copy of the discovery request at issue.  See Local

Rule 37.2 ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26(c) and 37 shall

include, in the motion itself or in an attached memorandum, a verbatim recitation of each

interrogatory, request, answer, response, and objection which is the subject of the motion or

a copy of the actual discovery document which is the subject of the motion.").  Defendants'

counsel represents that plaintiff has not served discovery requests.  (Doc. # 44).[1]

Additionally, the motion is due to be denied pursuant to Federal Rules of Civil

---

[1] Plaintiff is advised that discovery between civil litigants is governed by the Federal
Rules of Civil Procedure, Rules 26 through 37.   Despite the lack of a formal request for
discovery, defense counsel has now provided plaintiff with the dispatchers on duty on the
day of the incident at issue. (Exhibit C to Doc. # 44).

Procedure 26(c) and 37(a)(2)(B) and ¶ 5 of the General Order of this court entered on

November 22, 1993.

The applicable provision of this court's General Order reads as follows:

The court will not consider any motion relating to discovery, such as a motion
to compel or a motion for protective order, unless the motion is accompanied
by a written certification that the moving party has made  reasonable good-
faith effort to reach agreement with opposing counsel on the matters set forth
in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1,

1993, require litigants to seek to resolve discovery disputes by a good faith conference

before seeking court intervention.  Discovery motions filed pursuant to these Rules must be

accompanied by a certification that the movant has in good faith conferred or attempted to

confer with other affected parties in an effort to resolve the dispute without court action.

Plaintiff has included no certification that she has, in good faith, conferred with defendant's

attorney in an attempt to resolve this matter without the intervention of this court.

Accordingly, it is

ORDERED that plaintiff's motion for compulsory discovery (Doc. # 43) is DENIED

without prejudice.

Additionally, plaintiff seeks a further extension of time to amend the complaint to add

parties (Doc. # 42),[2] citing defendants' alleged failure of discovery as the justification for the

extension.  For good cause, it is

ORDERED that plaintiff's second motion to extend deadline for amendment (Doc.

---

[2] By previous order, the court extended this deadline to March 15, 2007. (Doc. # 38).

# 42) is DENIED.

It is further ORDERED that defendants may respond to plaintiff's motion to amend

complaint (Doc. # 41) on or before March 14, 2007.

DONE, this 6th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE