IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 3:06-cv-1014-MEF |
| CITY OF AUBURN, ALABAMA, ) | |
| unnamed police DISPATCHER ) | |
| deputy director BENJAMIN WALKER, ) | |
| Officer LAVARRO BEAN, ) | |
| Lieutenant MATTHEWS, Lieutenant ) | |
| KEITH HOWELL, Chief FRANK ) | |
| DEGRAFFENRIED, DAVID WATKINS, ) | |
| director "BILL" JAMES, and city ) | |
| manager CHARLES DUGGAN, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO AMEND ANSWERS

**COME NOW** the named Defendants and herewith show unto the Court that there have been two (2) separate answers filed, one on behalf of David Watkins and one on behalf of all Defendants. The Defendants move this Court to allow them to file an Amended Answer which incorporates both Answers as well as adds additional affirmative defenses which are appropriate and proper and supported in law and fact.

**WHEREFORE THESE PREMISES PRAYED**, the Defendants move this Court to allow them to amend their Answers by filing the attached Amended Answer. Said Motion is made within the time limits set forth by this Court in its Order of February 13, 2007 extending the deadline for amended pleadings to March 15, 2007.

1

     /s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney for Defendants City of Auburn, Alabama, Benjamin Walker, Officer Lavarro Bean, Lieutenant Matthews, Lieutenant Keith Howell, Chief Frank DeGraffenried, David Watkins, "Bill" James, and Charles Duggan

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole
    & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600 - Telephone
(334) 263-5969 - Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 15th day of March, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

William S. McLaurine, II
222 Tichenor Avenue, Apt. #4
Auburn, Alabama 36830

     /s/ *Randall Morgan*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 3:06-cv-1014-MEF |
| CITY OF AUBURN, ALABAMA, ) | |
| unnamed police DISPATCHER ) | |
| deputy director BENJAMIN WALKER, ) | |
| Officer LAVARRO BEAN, ) | |
| Lieutenant MATTHEWS, Lieutenant ) | |
| KEITH HOWELL, Chief FRANK ) | |
| DEGRAFFENRIED, DAVID WATKINS, ) | |
| director "BILL" JAMES, and city ) | |
| manager CHARLES DUGGAN, ) | |
| ) | |
| Defendants. ) | |

## AMENDED ANSWER

**COME NOW** the named Defendants City of Auburn, Alabama, Benjamin Walker, Officer Lavarro Bean, Lieutenant Matthews, Lieutenant Keith Howell, Chief Frank DeGraffenried, David Watkins, "Bill" James, and Charles Duggan and herewith amend their answers to Plaintiff's Amended Complaint and further responds to all amendments and corrections to said Amended Complaint as follows:

1. Defendants on information and belief admits the allegations of paragraph 1.

2. In response to paragraph 2, Defendants, on information and belief, admit that all named Defendants in the amended complaint are currently employed with the City of Auburn other than David Watkins who is the former City Manager and who

does not reside in Auburn, Alabama.

3. Defendants deny the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. In response to paragraphs 5 (1)-5(4), Defendants admit that on November 26, 2004, while responding to a call Officer Lavarro Bean encountered Plaintiff who matched the provided description and began to question Plaintiff seeking Plaintiff's name. Defendants admit Plaintiff refused to respond to the lawful request by Officer Bean and superiors and that Plaintiff was arrested for and has since been convicted for Obstructing Governmental Operations. Defendants further admit Plaintiff's conviction has recently been affirmed by the Alabama Court of Criminal Appeals. Otherwise, the Defendants deny the allegations of paragraphs 5 (1)-5(4).

## **AFFIRMATIVE DEFENSES**

1. The Defendants deny all allegations of the Amended Complaint not specifically admitted herein.

2. The Defendants plead the general issue.

3. The Defendants aver the Amended Complaint and all amendments and corrections thereto and each count fail to state a cause of action entitling Plaintiff to relief.

4. The Defendants aver the allegations of the Amended Complaint and all amendments and corrections thereto fail to rise to the level to constitute deprivation

5. The Defendants aver that the City nor any other Defendant can be liable on any alleged constitutional claim on the basis of master agent liability, vicarious

liability or *respondeat superior*.

6. The Defendants aver that no alleged City policy, practice, custom allegedly resulted in the alleged unconstitutional treatment of Plaintiff.

7. The Defendants plead probable cause.

8. The Defendants plead legal justification.

9. The Defendants plead privilege.

10. The Defendants plead consent.

11. The Defendants plead contributory negligence.

12. The Defendants plead assumption of the risk.

13. The Defendants aver that the Plaintiff's own actions and/or inactions caused any alleged damages.

14. The Defendants plead res judicata.

15. The Defendants plead collateral estoppel.

16. The Defendants plead issue preclusion.

17. The Defendants aver Plaintiff has been convicted of the crime of Obstructing Governmental Operations which as a matter of law conclusively establishes probable cause.

18. The Defendants plead immunity.

19. The Defendants plead substantive immunity.

20. The Defendants plead state agent immunity.

21. The Defendants plead discretionary function immunity.

22. The Defendants plead immunity pursuant to §6-5-338 Code of Alabama, 1975.

23. The Defendants plead qualified immunity.

24. The Defendants plead good faith.

25. The Defendants aver all actions were taken based on the reasonable appearance of the events.

26. The Defendants aver there exists a reasonable and rational reason for all actions taken.

27. Defendant David Watkins avers service as to him is improper and pleads insufficiency of process and insufficiency of service of process.

28. As to all state law claims the Defendants plead the statutory cap applicable to any damage claims.

29. The Defendants aver Plaintiff failed to comply with the prerequisite notice requirements for suit against the City.

30. The Defendants plead the statute of limitations.

31. To the extent if any that the Plaintiff claims punitive damages, the Defendant City of Auburn avers that it is immune and not subject to punitive damages.

32. The Defendants aver punitive damages are not recoverable against them.

33. The Defendants aver they are able to articulate specific facts and inferences that give reasonable suspicion Plaintiff may have been involved in criminal activity.

34. The Defendants aver under the facts and inferences, Defendants did not need probable cause to stop Plaintiff for questioning.

35. The Defendants aver the right to stop Plaintiff to make an investigation

existed even if probable cause did not exist for his arrest.

36. The Defendants aver a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possible criminal behavior even thought there may not be probable cause to make an arrest.

37. The Defendants aver there existed reasonable grounds to suspect Plaintiff was involved in criminal activity and that further investigation was warranted.

38. Defendants aver based on the totality of the circumstances, Defendants had reasonable grounds to suspect Plaintiff may have been involved in criminal activity.

39. Defendants aver the activities of the Defendants were authorized by Alabama's "stop and identify" statute, Section 5-5-30, Code of Alabama (1975, as amended).

40. To the extent that the Plaintiff seeks punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

41. The award of discretionary, compensatory damages for mental suffering

on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

   a.  It fails to provide a reasonable limit on the amount of the award against the Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;
   b.  It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;
   c.  It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and
   d.  It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

42. The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendants is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

43.   The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)   That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)   That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)   That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)   That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants.

(e)   That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)   That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)   That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

  (h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

  (I) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

  (j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

  (k) That standards of conduct upon which punitive damages are awarded are vague.

  (l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

  (m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

  (n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

  (o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

 44. This Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

45. To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against these Defendants, this award contravenes the Defendants' right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendants' right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

46. With respect to the Plaintiff's demand for punitive damages, Defendants specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

47. These Defendants contend Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against Defendants, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

48. Plaintiff's recovery of punitive damages violates provisions of the United States and Alabama Constitution including but not limited to the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 1, 6, 10, and other provisions of the Constitution of Alabama.

49. These Defendants plead the statutory cap applicable to all claims for and/or recovery of punitive damages.

50. These Defendants aver that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a. <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b. <u>Sixth Amendment to the Constitution of the United States</u>: Punitive damages are penal and nature and, consequently, the defendants are entitled to the dame procedural safeguards accorded to criminal Defendants.

    c. <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the Defendantss that are penal and nature, yet compel the to disclose potentially incriminating documents and evidence.

    d. <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the Defendantss were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

51. These Defendants aver that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish Defendants for the conduct of others in violation of Defendants' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

52. These Defendants aver that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive

damages in the case at hand would subject Defendants to excessive fines in violation of the Eighth Amendment of the United States Constitution and Defendants due process rights.

53.   These Defendants aver that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish Defendants for the conduct of others in violation of Defendants due process rights and Article I, § § 1 and 13 of the Alabama Constitution.

54.   These Defendants plead as a bar from the recovery of punitive damages 6-11-27, *Code of Alabama, 1975.*

55.   These Defendants plead all other affirmative defenses in bar or abatement of the claims asserted against it in the complaint.

56.   These Defendants reserve the right to supplement its answer and amended answer by adding thereto any additional defense which may be necessary and appropriate.

        /s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney for Defendants City of Auburn, Alabama, Benjamin Walker, Officer Lavarro Bean, Lieutenant Matthews, Lieutenant Keith Howell, Chief Frank DeGraffenried, David Watkins, "Bill" James, and Charles Duggan

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole
    & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600 - Telephone
(334) 263-5969 - Facsimile


## CERTIFICATE OF SERVICE

    I hereby certify that on this the 15th day of March, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

William S. McLaurine, II
222 Tichenor Avenue, Apt. #4
Auburn, Alabama 36830

        /s/ *Randall Morgan*
        OF COUNSEL