IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II ) | |
| plaintiff, pro se ) | |
| ) | |
| v. ) | |
| ) | |
| the CITY OF AUBURN, ALABAMA ) | |
| unnamed police DISPATCHER ) | CIVIL ACTION NO. 3:06cv1014-MEF |
| deputy director BENJAMIN WALKER ) | |
| Officer LAVARRO BEAN ) | |
| Lieutenant MATTHEWS ) | **DEMAND FOR JURY TRIAL** |
| Lieutenant KEITH HOWELL ) | |
| Chief FRANK DEGRAFFENRIED ) | |
| DAVID WATKINS ) | |
| director "BILL" JAMES ) | |
| City Manager CHARLES DUGGAN ) | |
| ) | |

## MOTION TO DISPOSE OF IMMUNITIES

The Plaintiff MOVES to DISPOSE of all claims of Immunities on the following seperate and several GROUNDS:

[1]     All claims of immunity against racial discrimination are barred by federal law and constitutional principle.

[2]     All claims by the City of Auburn, Alabama against Civil and/or Punative Damages for civil rights violations found in Ariticle I of the Alabama Consitution (including rights against oppression and/or unreasonalble search and siezure) are barred because of Article I §§35-36 of the Alabama constitution as items being excepted out the "general powers" of government. The any provisions in state law exempting municipal actors as not liabel for punative damages must be treated either as an immunity granted by the state or as a determination of two differenct classes of citizen. The granted immunity only applies if the State has jurisdicition to grant immunity, which the Plaintiff asserts is not present because of the "general powers" exception clause. In the case of creating two different classes of citizen, such a distinction is unconstituional under the equal protection clauses of the United States Constitution. In the case of the "6 month rule" regarding notification of damages to the city, such a case is either an immunity or a case of multiple citizenship classes. In either case the violations of civil rights defeat the rule. The Plaintiff has served in the required time frame notices necessary to satisfy the statue anyway.

[3]     The specific acts attributal to defendant Judge John V. Denson, II are either

1

administrative acts or acts outside of the normal and jurisdictional activity of a judge. These acts fall outside of the protection of judicial immunity. The act of asserting a ruling on indigancy without notice may qualify for same protection afforded prosecutors, except there are no facts to support his accusations within the law. As such qualified immunity does apply.

[4]    All other acts describe in the complaint(s) fall outside of the jurisdiction of the actors involved because of the declaration of rights in Article I of the Alabama Constitution. This includes all actions for attempting to seek a "civil release" with the threat of prosecution by the prosecutors in this case. (See Article I §10 of the Alabama constitution) (See also AFFIDAVIT FOR DECLARATION OF DISCOVERY number 4). As there is no "general power" authority in this instance immunity cannot be granted or exist. (See Article I §§35-36 of the Alabama constitution).

I declare under penalty of perjury that the above information is true and correct.

DATE:_____March 29, 2007_____    _____
William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175