IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2007 MAR 30 A 9: 52

| | |
|---|---|
| WILLIAM S. MCLAURINE, II<br>plaintiff, pro se<br><br>v.<br><br>the CITY OF AUBURN, ALABAMA<br>unnamed police DISPATCHER<br>deputy director BENJAMIN WALKER<br>Officer LAVARRO BEAN<br>Lieutenant MATTHEWS<br>Lieutenant KEITH HOWELL<br>Chief FRANK DEGRAFFENRIED<br>DAVID WATKINS<br>director "BILL" JAMES<br>City Manager CHARLES DUGGAN | CIVIL ACTION NO. 3:06cv1014-MEF<br><br>**DEMAND FOR JURY TRIAL** |

## MOTION TO DISPOSE OF RES JUDICATA AND/OR COLLATERAL ESTOPPAL

The Plaintiff MOVES to dispose of RES JUDICATA and/or COLLATERAL ESTOPPAL on the Following seperate and several grounds.

[1]     This decision of the previous court is not final. It is on appeal with the Alabama Court of Criminal Appeals. The Plaintiff is not asking for review or any injunctive motion from this Honorable court to interfere with the review of the court proceedings in State Court at this time. The Plaintiff is confident that when the appeals process in the Criminal matter against the Plaintiff are complete, William S. McLaurinem II will be vindicated. The Plaintiff simply requests that this court may not take notice of the decisions of the State Court until they are complete and final.

[2]     The Plaintiff was not a Plaintiff in the previous preceeding, and the court did not have jurisdiction for the recovery of damages as claimed in this matter in away to allow both the recovery of damages and the preservation of due process.

[3]     While the Plaintiff recognizes a claim of charge with an unconstitutional law, by intself, is not grounds for excuse from res judicata, the Plaintiff avers that res judicata is an equitable principle and as such, any request involving res judicata must adhere to prinicples and rules of law and equity. In the previous preceeding the City of Auburn, Alabama proceeded without good faith and with duplicity, fraud, and impropriety. As such the defendants are not entitled to relief.

Specifically, during the Trial, prosecutor for the City of Auburn, Alabama, Matthew White, asked a leading question (see AFFIDAVIT FOR DECLARATION OF DISCOVERY page 374). The purpose was to elicit from the plaintiff, then the defendant at

trial, a false statement. The prosecutor, while cross examining the Plaintiff, then the defendant at trial, asked if the Police were only after just the name of William S. McLaurine, II. This was to imply that the police were not asking for an identification card and explanation of the activities of William S. McLaurine as demanded by police officers on the night of the arrest of William S. McLaurine, II. Even a casual reading of this question implies that Matthew White was attempting to suborn perjury.

A more detailed analysis of the question shows that the specific difference in the two accounts perported by Matthew White's question, amount to a clear and distinctive case history showing that the law was unconstitionally being applied, with knowledge of such unconstitional action known to Matthew White. The fact that Matthew White was attempting to make this distinction shows a belief that it would be neccesary to defend his actions, even if on appeal. Mathew White was familiar with the case on point, Hiibbel v. the Sixth District Judicial Court of Neveda, et al. 124 S.Ct 2451 citing it in court.This demonstrates a belief that the argument presented by the prosecutor required an alternative theory of law and/or fact to establish a case. This precludes good faith and creates a lack of reasonable doubt in the mind of a prosecuting attorney in a criminal trial.  This action is fraud.

The City of Auburn, Alabama and its agents attempted to secure a plea deal from the Plaintiff, then a defendant on trial. The deal would have been to drop the criminal charges in exchange for a civil release. This demonstrates that the City of Auburn, Alabama and its agents were more interested in obtaining a civil defense than in prosecuting the criminal case. The plea deal as offered, besides being unethical, is prohibited by Alabama Constitution Article I §§7, 10, 35, and 36.

All of the bad actions listed here and elsewhere in this document were compounded by improper acts by Judge John V Denson, II, the presiding judge at the Criminal Trial. The Plaintiff avers that the Defendants cannot gain benefit and/or protection by illegal acts of a coconspiratory, or person in collusion, who violated the rights and due process of William S. McLaurine, the plaintiff claims that the purpose of the criminal prosecution was to attempt secure a civil benefit for the city of Auburn. The Plaintiff has raised these issues in the EXTENDED COMPLAINT to help address this further.

[4]   As noted in [3] the plaintiff claims that the purpose of the criminal prosecution was an attempt McLaurine, II  civil benefit for the city of Auburn. Res judicata is barred as civil defense for the bad actions of the Defendants. There are no facts that can stand review to support a conviction as a matter of law. Article I §§5, 35, 36 of the Constition of Alabama prohibits the use of the government  for this type of act. Article I §36 removes the authority of the government to participate in actions protected by the Bill of Rights of the Alabama Constitution. As such, the Court in the Criminal Trial is not a court of competent Jurisdiction to enact the obvious purposes of the Defendants. The Plaintiff recognizes that this statement deprives the State and its Instruments of significant defenses, but a carefull reading of the Constitution of Alabama and analsyis of it supporting documents, shows that this was the intent of the framers and what was Adopted by the People of Alabama in the ideals of limited government.

[5]   The Plaintiff, while a defendant on trial, was not allowed to fairly litigate the postion(s) claimed in this matter or in the matter before the before the Circuit Court of Lee County.  The actions the Plaintiff refers to, violate due process under the Constitution of the United States and the Constitution of Alabama. The Plaintiff avers that is not neccesarry to review the facts or the law of the case to determine validity of the case, but the procedural errors alone are enough to invalidate the case as being outside the law under the due process and equal

protection clauses of the United States Constitution, as well as provisions of the Alabama law and the Alabama Constitution. In pleading res judicata the defendants must imply that the procedure in the previous trial was proper and fair. The Plaintiff asserts that it was not.

Specifically, the Plaintiff asserts the following as several and seperate and reasons to demonstrate procedural error: assignment of appointed counsel with a known conflict of interest in this matter, appointment of counsel who refused to meet with and discuss the case before appearing in court on behalf of the defendant on multiple occasions, refusal to provide a defense for the Plaintiff as defendant on trial, intimidation by appointed counsel, violations of civil rights and interference with due process by appointed counsel, participation by appointed counsel in proceeding outside the presence of the Plaintiff as defendant on trial in violation of due process, extrajudicial procedures resulting deprivation of counsel by Judge John V. Denson, II in violation of due process, the Judge abusively granting a meritless delay in trial proceeding after a notice of demand for speedy trial was issued, prosecutor Matthew White violating discovery rules, bias and intimidation in violation right to petition for greivance by the Judge in the case, failure of the judge to disqualify himself on grounds related to the conflict of interest between the Judge John V. Denson, II and the community around Auburn University, the refusall of Judge Denson to allow the Plaintiff as Defendant on Trial, address the jury as required by Alabama Constitution Article I §§6, 7, 11, 35, and 36, and for various other procedural violations.

[6]     The Plaintiff was a pro se defendant in the Criminal Trial. The Plaintiff was not served with notice that failure to argue, or to notice of the abandonment of a claim. As such the Plaintiff argues that the Plaintiff right to due proccess would be violated by application of res judicata and/or collateral estoppel (also called claim preclusion and issue preclusion respectively).


I declare under penalty of perjury that the above information is true and correct.

DATE:_____March 29, 2007_____        _____
                                        William S. McLaurine, II
                                        222 Tichenor Avenue #4
                                        Auburn, Alabama 36830
                                        (334) 524-2175