IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM S. McLAURINE II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06CV1014-MEF |
| ) | |
| CITY OF AUBURN, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, brings claims pursuant to 42 U.S.C. § 1983 and state law against the City of Auburn, its city manager, and various city police officers and their supervising officials. Plaintiff's claims arise from his allegedly unlawful stop and detention by Auburn police officers, and his subsequent prosecution for obstructing government operations. This action is presently before the court on plaintiff's motion to amend complaint (Docs. # 41). Upon consideration of the motion, the court concludes that it is are due to be denied.

**DISCUSSION**

The court is required – by Eleventh Circuit case law and by Fed. R. Civ. P. 15(a) – to allow liberal amendment of pleadings. "In determining whether to grant leave to amend, a court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." Grayson v. K-Mart Corporation, 79 F.3d 1086, 1110 (11th

Cir. 1996)(citations omitted). Plaintiff's proposed amendment is futile as the claims it asserts are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).[1]

<u>Malicious Prosecution Claim (Count 5)</u>. Plaintiff seeks leave to add a § 1983 malicious prosecution claim against the prosecutors in his municipal court and circuit court trials, the municipal and circuit court judges who presided over those trials, plaintiff's appointed defense attorney in the circuit court trial, the Chief of Police, the City of Auburn and the present and former city managers. To prevail on a §1983 malicious prosecution claim, plaintiff must demonstrate that the criminal prosecution giving rise to his injury terminated in his favor. <u>Wood v. Kesler</u>, 323 F.3d 872, 881-82 (11th Cir. 2003). Plaintiff does not allege that the criminal prosecution terminated in his favor. Absent proof of favorable termination, plaintiff cannot presently establish his § 1983 malicious prosecution claim against any of the defendants.[2] <u>Cf</u>. <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004 (11th Cir. 1998)("[C]ourts have found favorable termination to exist by virtue of an acquittal, an order of dismissal reflecting an affirmative decision not to prosecute, a dismissal based on the running of the statute of limitations, an entry of a nolle prosequi, and, in some cases, a

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] Defendants have filed a copy of the opinion of the February 28, 2007 Alabama Court of Criminal Appeals opinion affirming plaintiff's conviction for obstructing governmental operations. (<u>See</u> Attachment to Doc. # 49). Plaintiff has filed a March 22, 2007 order by the court recalling its certificate of judgment and allowing plaintiff until April 5, 2007 to file a late application for rehearing. (Attachment to Doc. # 61). Thus, it appears that plaintiff cannot presently allege favorable termination.

granted writ of habeas corpus.").

Additionally, to the extent plaintiff asserts other constitutional claims in Count 5, Judge Joe Bailey (municipal court) and Judge John V. Denson II (circuit court) are entitled to absolute judicial immunity from plaintiff's claims for damages[3] as they were acting in their judicial capacities and did not act in the "clear absence of all jurisdiction." Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996).[4] Additionally, the municipal and circuit court prosecutors (proposed defendants White and Davidson) are entitled to absolute prosecutorial immunity from plaintiff's § 1983 claims for damages for their role in preparing to initiate, initiating and prosecuting the charge against plaintiff. Jarallah v. Simmons, 2006 WL 2242794, * 2 (11th Cir. Aug. 7, 2006).

With regard to proposed defendant Phil Thompson, plaintiff's allegations are insufficient to establish that Thompson was acting under color of state law as required to sustain plaintiff's § 1983 claim. See Polk County v. Dodson, 454 U.S. 312, 325 (1981)(state

---

[3] Plaintiff does not seek injunctive relief . (See Proposed amendment attached to Doc. # 41 at p. 5). Even if he did, such claims are also barred by judicial immunity. See 42 U.S.C. § 1983 (as amended by Pub. L. 104-317, Oct. 19, 1996).

[4] Plaintiff, apparently recognizing that judicial immunity is an issue, has made various allegations that judicial immunity is inapplicable. For instance, he contends that Judge Bailey's action in granting prosecutor Davidson's request to delay the municipal trial so that Davidson could prosecute the case – allegedly in violation of a purported rule that a prosecutor would not be used against an unrepresented defendant – "is a procedural violation of admin[i]strative nature" and "therefore, not subject to judicial immunity or qualified immunity." (Proposed amendment, Count 5, ¶ a). As to Judge Bailey's action in sustaining the prosecutor's objection to a question asked by plaintiff of an officer during the trial, plaintiff asserts that it is "not subject to Judicial immunity in the state of Alabama because of its exception from the general powers of government." (Id., ¶ b). Plaintiff similarly asserts that various rulings made by Judge Denson in circuit court are not subject to judicial immunity. (Id., ¶¶ h, j, l). Plaintiff's contentions in this regard are without merit.

public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Pearson v. Myles, 2006 WL 1818716 (11th Cir. Jul. 5, 2006)(unpublished opinion)(court-appointed defense counsel not acting under color of state law).

With regard to the remaining defendants, plaintiff's factual allegations, viewed liberally, fail to state a claim of any constitutional violation. As to defendant Watkins, plaintiff alleges only that "David Watkins served as City Manager During [sic] parts of these events and during that time is considered to be an agent of the City of Auburn Alabama." Plaintiff alleges no specific conduct by Watkins, and Watkins may not be held liable on the basis of *respondeat superior*. See Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1307 (11th Cir. 2006)(citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Likewise, the plaintiff has not alleged facts sufficient to support liability against the city, which cannot be held vicariously liable for the acts of its agents. Snow ex rel. Snow v. City of Citronelle, AL, 420 F.3d 1262, 1270 (11th Cir. 2005). While plaintiff seeks damages from Chief DeGraffenried in proposed Count 5 (see proposed amendment p. 5), he includes no allegation of specific conduct by this defendant in support of the claim (see id., pp. 2-5). As to Wernette (risk manager for city), plaintiff alleges that Wernette refused to return plaintiff's telephone calls so that the plaintiff was unable to meet with the mayor. (Id., Count 5, ¶ c). Plaintiff alleges that he spoke with Duggan (city manager) about "the issue of unreasonable search and seizure as on [sic] ongoing problem for the police," and that "Charles Duggan indicated that we should ' . . . see what the Judge says." (Id., ¶ m). Plaintiff further alleges

that, to his knowledge, Duggan has "not taken any action to correct the problem of unreasonable search and seizure." (Id.). As to these individual-capacity § 1983 defendants, there is a heightened pleading requirement. Washington v. Bauer, 2005 WL 2114156, * 3 (11th Cir. Sep. 2, 2005)(citing Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001)). Plaintiff's allegations are clearly insufficient to state a claim for any violation of constitutional rights by the individual defendants.

    State law negligence claim (Count 6). Plaintiff asserts a state law negligence claim "for failure to train and/or supervise within the Judicial Department of the City of Auburn, Alabama" (proposed amendment, p. 5) against Judge Bailey, Mayor Ham, Charles Duggan and David Watkins, arising from the alleged violation of plaintiff's rights during his municipal and circuit court trials. In count 6, plaintiff makes no allegations of any conduct by Duggan or Watkins, apparently basing their liability solely on their positions as city manager. However, plaintiff does not allege that the employees of the city's judicial department who participated in plaintiff's trials were also servants of either Duggan or Watkins so as to give rise to *respondeat superior* liability. See Ware v. Timmons, ___ So.2d ___, 2006 WL 1195870 (Ala. Sept. 22, 2006)("[A]s a matter of law, the doctrine of respondeat superior does not hold supervisors, as co-employees, vicariously liable for the torts of their subordinates."). Thus, plaintiff has failed to state a claim against Duggan or Watkins.

    With regard to Judge Bailey, plaintiff alleges that Bailey is also the Court Administrator and, as such, is responsible for the supervision of the judicial department.

However, the mere fact that Bailey is employed by the city to supervise other city employees is insufficient to impose *respondeat superior* liability. Plaintiff makes no allegations of specific conduct by Bailey in his capacity as administrator in support of any claim that Bailey was himself negligent.[5] Plaintiff's allegations of actions by Bailey involve rulings that Bailey made as the judge in plaintiff's municipal trial. (See proposed amendment, Count 6, ¶¶ a, b). Bailey is immune from liability for these actions, even if his actions were negligent. "Judges acting in an official judicial capacity are entitled to absolute judicial immunity under Alabama law[.]" Ex parte City of Greensboro, 948 So.2d 540, 542 (Ala. 2006).[6]

Plaintiff alleges that Mayor Ham "is charge [sic] by Alabama state law to be on the committee which help chooses [sic] who will be selected as appointed defense counsel for

---

[5] Plaintiff has also failed to allege the existence of a master-servant relationship between Bailey and any subordinates in the judicial department. See Ott v. City of Mobile, 169 F.Supp.2d 1301 (S.D. Ala. 2001)("Alabama law is clear that the tort of negligent supervision or training requires as an element the existence of a master-servant relationship. . . . Alabama recognizes no cause of action against a supervisor for negligent failure to supervise or train a subordinate."). Additionally, even if Bailey were the "master" of judicial department employees, plaintiff has failed to allege that Bailey was aware – either actually or constructively – at any time before the events giving rise to this action, of any incompetence on the part of any employee. Big B, Inc. v. Cottingham, 634 So.2d 999, 1003 (Ala. 1993)("'In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge.'").

[6] Plaintiff alleges that Bailey's action in delaying the municipal trial at Davidson's request is a "proceedural [sic] violation of adminstrative [sic] nature on behalf of Judge Joe Bailey." Plaintiff's characterization is not dispositive, however. A judge's delay of a trial over which he is presiding is clearly an action taken in his judicial capacity.

the city of Auburn," and that Ham was "negligent in his duties." However, plaintiff does not allege specifically what Ham did or failed to do; plaintiff's conclusory allegation of negligence is insufficient to state a claim against Ham.

Ninth Amendment. In a single sentence in plaintiff's proposed "extended complaint," plaintiff asserts, "In addition the plaintiff would like to add the violation of the Ninth Amendment as a pleading in all counts in this case." (Proposed amendment, ¶ 5). The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment protects citizens from governmental infringement of unenumerated fundamental rights. See Griswold v. Connecticut, 381 U.S. 479, 488 (1965)(Goldberg, J., concurring); Harris v. City of Montgomery, 322 F.Supp.2d 1319, 1329 (M.D. Ala. 2004)(Ninth Amendment claim must be based on a fundamental right). Plaintiff's existing federal claims are for false arrest (count 1) and denial of equal protection (count 3), and they arise under the Fourth and Fourteenth Amendments. Plaintiff has not identified any unenumerated fundamental right which has been infringed and, thus, has failed to state a Ninth Amendment claim. See Bishop v. Aronov, 926 F.2d 1066, 1078 n. 9 (11th Cir. 1991)("Whatever rights the ninth amendment does ensconce, we are confident that Dr. Bishop's case arises and concludes under the first amendment."); Harris, *supra* (defendant entitled to summary judgment on Ninth Amendment claim because plaintiff had not identified fundamental right); Curry-Bey v. United States, 2001 WL 1103230 (S.D. Fla. Aug. 6, 2001)(dismissing Ninth Amendment claim for failure to state a claim where plaintiffs did not "cite any unenumerated right on

which they base[d] their Ninth Amendment claim").

## CONCLUSION

Plaintiff's proposed amendment asserts claims against defendants who are immune from liability and/or fails to state claims as to which relief may be granted and, thus, amendment of the complaint to add these claims is futile. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's motion to amend complaint (Doc. # 41) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before May 24, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE