IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. McLAURINE II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06CV1014-MEF |
| | ) | |
| CITY OF AUBURN, ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on the plaintiff's motion for withdrawal of complaint, which the court has construed as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). In his motion, plaintiff states:

> The Plaintiff, William Sandlin McLaurine, II, MOVES to WITHDRAW the COMPLAINT and all amendments as filed in this case against all defendants named or unnamed in this case. After a careful review of the law and the facts of this case, Plaintiff cannot, now and in good faith, sustain a credible case in this matter due to the deficiencies in the following separate and several items: resources, evidence, fact, law and/or jurisdiction. This MOTION FOR WITHDRAWAL should not be construed as an acceptance of any presumption and/or other prejudice in any other matter.
> The Plaintiff does assert that any statutory limitation on the jurisdiction of this court with respect to the time limit between acts defined by the COMPLAINT and the actual filing of the COMPLAINT will be the compoundment of the time elapsed before the COMPLAINT was recognized by this court and the time after this court recognizes this MOTION FOR WITHDRAWAL.
> The plaintiff reserves all rights not explicitly defined in this MOTION FOR WITHDRAWAL without prejudice.

(Doc. # 74). In response, defendants urge the court to dismiss this suit *with* prejudice, noting that this motion was filed after defendants filed a motion for summary judgment and that

plaintiff admits that he cannot now, in good faith, sustain this action. In the alternative, defendants ask that, if the court grants the motion to dismiss without prejudice, the court "specifically state[] that Plaintiff's Motion for Withdrawal does not in any way toll nor extend the limitation period during which suit could be filed." (Doc. # 78).

A plaintiff's motion for voluntary dismissal, when voluntary dismissal is no longer available to the plaintiff as of right, is governed by the provisions of Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court without prejudice to future litigation." LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976). "A district court considering a motion for a dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986). "The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Id. (quoting Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir.), cert. denied, 368 U.S. 831 (1961)).

"'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" Pontenberg v. Boston Scientific Corporation, 252 F.3d 1253 (11th Cir. 2001)(citing McCants, *supra*, 781 F.2d at 856-57)(emphasis in McCants). In Pontenberg, the Eleventh Circuit upheld the district court's dismissal without prejudice on plaintiff's motion pursuant

to Rule 41(a)(2), where plaintiff's motion was filed after the expiration of the discovery period and after defendant had filed a motion for summary judgment. The court found no legal prejudice in the fact that the litigation had proceeded to the summary judgment stage. In the present case, defendants have noted that the motion is filed after they filed a motion for summary judgment, but have not otherwise argued that dismissal without prejudice subjects them to any legal prejudice. Additionally, defendants have not suggested that the work they have performed in this action would not be of benefit in any subsequent action filed by the plaintiff. See Berry v. General Star National Ins. Co., 190 F.R.D. 697 (M.D. Ala. 2000)(noting that "arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff").

Additionally, the court does not read plaintiff's statement that he "cannot, now and in good faith, sustain a credible case in this matter due to the deficiencies in the following separate and several items: resources, evidence, fact, law and/or jurisdiction" to be an admission that he cannot – in the future – maintain an action against these defendants based on the facts giving rise to this action. The statement is ambiguous and could instead be a concession that plaintiff cannot maintain his false arrest and/or malicious prosecution claims unless and until his conviction is set aside.[1] Additionally, the court concludes that a dismissal of this action with prejudice on the present motion, without plaintiff's concurrence, would be an abuse of discretion.

---

[1] From the record before the court, it does not appear that plaintiff has exhausted his avenues of appeal. See Doc. # 67, p. 2 n. 2.

.

Defendants have not demonstrated that they would suffer any legal prejudice by reason of a dismissal without prejudice, nor have they demonstrated the necessity for the imposition of any conditions on the dismissal.[2] Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's motion to dismiss (Doc. # 74) be GRANTED, and that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[3]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before June 13, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

---

[2] If plaintiff should later re-file his claims against the defendants, defendants may then seek relief pursuant to Fed. R. Civ. P. 41(d).

[3] The court declines to issue an advisory ruling on whether the pendency of this action tolled plaintiff's statute of limitations. Defendants may raise this issue, if necessary, in any subsequent action filed by plaintiff. The court does note, however, that plaintiff's "assertion" in the present motion that the statute of limitations is tolled does not make it so.

Done, this 31st day of May, 2007.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE